# EXHIBIT J

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.<br>*Plaintiffs*,<br>-against-<br>APPLE INC.,<br>*Defendant*. | Case No. 2:24-cv-04055-JXN-LDW |

**NON-PARTY META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-party Meta Platforms, Inc. ("Meta") provides the following Responses and Objections to Defendant Apple Inc.'s ("Apple") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"). The General Objections, Objections to Definitions and Instructions, and the Specific Responses and Objections to Requests for Production of Documents shall be referred to collectively herein as the "Objections." Meta reserves all rights to supplement or otherwise modify its Responses and Objections as this proceeding continues pursuant to Federal Rule of Civil Procedure 26(e).

In providing these Responses and Objections to the Subpoena, Meta does not waive and hereby expressly reserves: (a) its right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility of evidence, for any purpose, of any information and documents provided in response to the Subpoena; and (b) its right to object on any ground at any time to Apple's demand for further responses to the Subpoena. It should not be inferred from the form or substance of any Response or Objection to any portion of the Subpoena that responsive documents or information exist. Nothing contained herein shall be construed to admit any fact.

## GENERAL OBJECTIONS

Meta makes the following General Objections to the Subpoena and incorporates them, as well as the Objections to Definitions and Instructions below, into its Responses and Objections to each of the Requests for Production of Documents ("Requests"). An assertion of the same, similar, or additional Objection in response to a specific Request does not waive any of these General Objections as to that or any Request. These General Objections shall not be construed as a waiver of Meta's right to object to any specific Request on any particular ground.

1. Meta objects to each of the Requests, individually and collectively, because they are premature. Meta has already produced over 17,000 documents in this matter, which Apple admitted that it did not review as of the date that it issued its subpoena to Meta. Given the broad scope of these Requests, it is implausible that Apple could have reviewed the documents already in its possession before demanding more documents from Meta. *See Chazanow v. Sussex Bank*, 2014 WL 2965697, at *3 (D.N.J. July 1, 2014) ("Plaintiff prepared his second subpoena before he received PNC's production under the first subpoena. In this regard, the Court finds Plaintiff's subpoena to be premature."). Apple should review the documents already in its possession and then submit narrowly tailored Requests for relevant and proportional material that Apple may still require.

2. Meta objects to any Request seeking the production of "All" documents on the grounds that it is overly broad and unduly burdensome because such Requests seek the production of documents relating to broadly defined subjects, beyond what is relevant, proportional, or appropriate for production in connection with this proceeding, particularly given

that Meta is not a party to this litigation. Moreover, Requests for "All" documents, without time limitation, exceed the scope of the Complaint and therefore encompass irrelevant material.

3. Meta objects to the Requests to the extent that they assume disputed facts and/or contain legal conclusions in defining the documents sought. Any production by Meta in response to the Requests is without prejudice to this objection and Meta does not, by responding to the Requests, adopt or agree with any such disputed facts or legal conclusions.

4. Meta objects to the Requests to the extent that they are not set forth with sufficient particularity, or contain terms that are argumentative, insufficiently defined, vague, ambiguous, and/or unlimited in scope. Meta will respond to the Requests based upon its understanding of the Requests and the terms used therein.

5. Meta objects to the Requests to the extent that they purport to require the creation or generation of documents that do not currently exist or that Meta does not maintain in the ordinary course of its business. *See, e.g.*, *Trocki Hotels, LP v. Choice Hotels Int'l, Inc.*, 2011 WL 13141484, at *2 (D.N.J. Oct. 21, 2011).

6. Meta objects to the Requests to the extent that they request the production of documents, including but not limited to, electronically stored information, that are not reasonably accessible due to burden or expense.

7. Meta objects to the Requests to the extent they seek discovery of information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, common-interest privilege, the First Amendment privilege, or any other applicable privileges, doctrines, immunities, and exceptions. Nothing contained in these Responses and Objections — including, but not limited to, any inadvertent production of documents or materials — is intended as, or shall in any way be deemed, a waiver

of any attorney-client privilege, work-product doctrine, business strategy immunity, or any other applicable privileges, doctrines, immunities, or exceptions.

8. Meta objects to the Requests to the extent they seek documents or information already in Apple's possession, custody, or control, are available to Apple through less burdensome means than discovery on Meta, or are publicly available.

9. Meta objects to each Request, Definition, and Instruction to the extent they seek disclosure of trade secrets or other confidential or proprietary commercial or other business information. Meta objects to each Request, Definition, and Instruction to the extent that it calls for the disclosure of confidential or competitively sensitive business information or trade secrets.

10. Meta objects to each Request, Definition, and Instruction to the extent it purports to seek information that is not relevant to the claims and defenses at issue in this lawsuit or not designed to seek discovery that is proportional to the needs of the case, including but not limited to discovery of materials outside of the relevant time period in this litigation. Meta further objects to the extent the Requests seek information of marginal relevance such that the burden on Meta to respond substantially outweighs the information's potential probative value, particularly given that Meta is not a party to this litigation.

11. Meta objects to each Request to the extent that it purports to require Meta to perform tasks not required by, or imposes conditions, obligations, or duties that exceed or differ from those required by, the Federal Rules of Civil Procedure, the Civil Local Rules of the U.S. District Court for the District of New Jersey, or an Order or ruling by the Court.

12. Meta objects to each Request, Definition, and Instruction to the extent they purport to seek personal information, to which Meta may have an obligation or interest in

maintaining confidentiality by law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Meta objects to the Definitions in the Requests to the extent that they purport to give meaning or legal significance to a document, event, fact, or purported fact whose meaning or significance is subject to dispute, and to the extent they attribute any special or unusual meaning to any term or phrase. Meta's Responses and Objections below shall not constitute an admission or concession to any definitions, terms, or phrases used by Apple, or legal positions taken by Apple in the Action.

2. Meta objects to the Definition of the term "Alleged Conduct" on the grounds that it is overbroad, vague, and ambiguous because it purports to include "all (and any component of) the conduct alleged to be unlawful in the Complaints." Meta will interpret "Alleged Conduct" to be Apple's monopolization or attempted monopolization of the markets or submarkets for Smartphones and Performance Smartphones as alleged in Paragraphs 201 through 202, 207 through 208, 213 through 214, and 220 through 221 of the Department of Justice's First Amended Complaint ("DOJ Complaint").

3. Meta objects to the Definition of the term "Alleged Markets" on the grounds that it is overbroad, vague, and ambiguous because it purports to include "any . . . product markets alleged in the DOJ Complaint or any of the MDL Complaints." Meta will interpret "Alleged Markets" to be the "Alleged Smartphone Market," as defined in Paragraphs 172 through 179 of the DOJ Complaint and the "Alleged Performance Smartphone Market" as defined in Paragraphs 165 through 171 and 176 through 179 of the DOJ Complaint.

4. Meta objects to the Definition of the term "API" on the grounds that it is vague and ambiguous because it refers to an undefined and unnamed definition purportedly located in Paragraphs 158 through 163 of the DOJ Complaint. Meta will interpret "API" to have its ordinary meaning in the industry.

5. Meta objects to the Definition of the terms "App" or "Application" on the grounds that it is vague and ambiguous because it refers to an undefined and unnamed definition purportedly located in Paragraphs 158 through 163 of the DOJ Complaint. Meta will interpret "App" and "Application" to have its ordinary meaning in the industry.

6. Meta objects to the Definition of "App Marketplace" on the grounds that it is vague and ambiguous because it purports to include "any" undefined and unnamed "online storefront where Apps are offered for download or purchase." Meta will interpret "App Marketplace" to mean the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, Facebook App Center, GetJar, Google Play Store, Meta Horizon Store, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, and TutuApp.

7. Meta objects to the Definition of the term "App Review" on the grounds that it is vague and ambiguous because it purports to include "Apple's or any other Person's processes of reviewing Apps or App updates for potential inclusion on App Marketplaces," and "App Marketplace" as defined in Apple's Subpoena is vague and ambiguous. Meta further objects to the Definition of the term "App Review" as vague and ambiguous, since Apple defines it only as the "processes of reviewing." Meta will interpret "App Review" to mean the process for accepting or denying Apps or App updates for inclusion on App Marketplaces as defined in Meta's objections to the Definitions of those terms.

8. Meta objects to the Definition of "Cloud Streaming App" on the grounds that it is vague and ambiguous because it refers to an undefined and unnamed definition purportedly located in Paragraph 10 and Paragraphs 71 through 79 of the DOJ Complaint. Meta will interpret "Cloud Streaming App" to have its ordinary meaning in the industry.

9. Meta objects to the Definition of "Complaints" on the grounds that it is vague and ambiguous because it includes "any MDL Complaint" which Apple has defined as "any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.)," but has not specified. Meta will interpret "Complaints" to refer to the DOJ Complaint, which is the only Complaint referenced specifically by paragraph in Apple's Subpoena.

10. Meta objects to the Definition of the term "Digital Wallet" on the grounds that it is vague and ambiguous because it refers to an undefined and unnamed definition purportedly located in Paragraph 10 and Paragraphs 104 through 118 of the DOJ Complaint. Meta will interpret "Digital Wallet" to have its ordinary meaning in the industry.

11. Meta objects to the Definition of "MDL Complaint" on the grounds that it is vague and ambiguous because it includes "any" unspecified and undefined "consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.)."

12. Meta objects to the Definition of "Messaging App" on the grounds that it is vague and ambiguous because it refers to an undefined and unnamed definition purportedly located in Paragraph 10 and Paragraphs 80 through 93 of the DOJ Complaint. Meta will interpret "Messaging App" to mean Beeper, BlueChat, Discord, Facebook Messenger, Google Messages,

Skype, Microsoft Messaging, Signal, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.

13. Meta objects to the Definition of the term "Mini-Program" on the grounds that it is vague and ambiguous because it refers to an undefined and unnamed definition purportedly located in Paragraphs 60 through 70 of the DOJ Complaint. Meta will interpret "Mini-Program" to have its ordinary meaning in the industry.

14. Meta objects to the Definition of the term "Super App" on the grounds that it is vague and ambiguous because it refers to an undefined and unnamed definition purportedly located in Paragraphs 10 and Paragraphs 60 through 70 of the DOJ Complaint. Meta will interpret "Super App" to have its ordinary meaning in the industry.

15. Meta objects to the Definition of "Wearables" on the grounds that it is vague and ambiguous as it is not a defined term "in Paragraphs 10 and 94 through 103 of the DOJ Complaint." Meta will interpret "Wearables" to have its ordinary meaning in the industry.

16. Meta objects to the Instructions, including but not limited to Instruction No. 4, on the grounds that they are overly broad and burdensome to the extent that they require Meta to provide information that is not in its possession, custody, or control or that cannot be located through a reasonable search. Meta does not agree to provide information in the "possession, custody, or control of any Person acting on [Meta's] behalf" to the extent that information is not within Meta's possession, custody, or control pursuant to the Federal Rules of Civil Procedure.

17. Meta objects to Instruction No. 6 because it purports to impose obligations beyond what is required by Federal Rule of Civil Procedure 34, as it adds a requirement that Meta "state in writing" any time there are no documents or information responsive to a Request.

18. Meta objects to Instruction Nos. 7, 8, 9, and 10 as contrary to Federal Rule of Civil Procedure 34 and unduly burdensome to the extent they require Meta to "explain" its Responses for purposes of this litigation beyond the requirements of the Rule. Meta further objects to Instruction Nos. 7, 8, and 10 to the extent Apple has failed to propound reasonable Requests that are not vague, ambiguous, overly broad, or unduly burdensome. Apple has the burden of propounding appropriate, proportional, reasonable, and discernible Requests. Meta does not agree to take on Apple's burden and rewrite Apple's vague, ambiguous, overly broad, and unduly burdensome Requests for Apple.

19. Meta objects to Instruction Nos. 12 and 14 to the extent that they seek to impose a requirement that Meta respond beyond what is required by Federal Rule of Civil Procedure 26(b)(5) or any local rule.

20. Meta objects to Instruction Nos. 17 and 18 to the extent they seek to reserve a right to seek supplementary responses after the close of fact discovery.

## **SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

### **REQUEST FOR PRODUCTION NO. 1**

All Documents and Communications concerning the Alleged Conduct or the Alleged Markets, including: (a) the existence of such markets or any submarkets within such markets, including any industry or public recognition of such markets and any distinct customers or prices within such markets; (b) any market shares within such markets or submarkets; or (c) any analyses concerning competition between or within such markets or submarkets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and not proportionate to the needs of this action because the Request seeks "[a]ll Documents and Communications" related to at least, but not limited to, six sub-categories of Alleged Conduct and at least two Alleged Markets over an unspecified and undefined number of Complaints, over an unspecified time period. *See Blueprint Capital Advisors, LLC v. New Jersey*, 2025 WL 1766120, at *5 (D.N.J. June 26, 2025) ("This Court has noted on multiple occasions that non-parties are 'afforded greater protection from discovery than a normal party.'" (citation omitted)); *Allstate Life Ins. Co. v. Stillwell*, 2017 WL 557336, at *3 (D.N.J. Feb. 10, 2017) (requests that third parties produce documents "that include, but are not limited to" a number of categories are overbroad and not proportional to the needs of the case); *Wyeth v. Abbott Labs.*, 2011 WL 2429318, at *6 (D.N.J. June 13, 2011) (lack of temporal limitation renders subpoena overbroad); *In re Asbestos Prods. Liability Litig. (No. IV )*, 256 F.R.D. 151, 157 (E.D. Pa. 2009) (explaining that there is no obligation to respond to "'[a]ll-encompassing demands' that do not allow a reasonable person to ascertain which documents are required"). As such, this Request is an impermissible "fishing expedition" as it requests broad categories of documents and "only some of the documents [responsive to this Request] will ultimately tie back to [the] Defendant[.]" *Cordero v. Emrich*, 2024 WL 4544684, at *4 (D.N.J. Oct. 22, 2024) (internal quotation marks omitted).

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making

this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

Meta further objects to this Request on the ground that it is duplicative of other Requests.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications provided to or reviewed by Your board of directors concerning the Alleged Conduct, the Alleged Markets, or Your efforts to compete with Apple or any other Smartphone manufacturer in the Alleged Markets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks "[a]ll Documents and Communications . . . concerning the Alleged Conduct [or] the Alleged Markets" which were "provided to or reviewed by [Meta's] board of directors." Such an expansive and undefined Request is facially disproportionate and unduly burdensome in its demand for "[a]ll Documents and Communications" that under Apple's Definitions concern at least six broadly defined sub-categories of "Alleged Conduct" in at least two defined "Alleged Markets" across an unspecified and undefined number of Complaints. *See Blueprint Capital Advisors*, 2025 WL 1766120, at *5;

*Allstate Life Ins. Co.*, 2017 WL 557336, at *3; *Wyeth*, 2011 WL 2429318, at *6; *Asbestos Prods. Liability Litig.*, 256 F.R.D. at 157. This Request is an impermissible "fishing expedition" as it requests broad categories of documents and "only some of the documents [responsive to this Requests] will ultimately tie back to [the] Defendant[.]" *Cordero*, 2024 WL 4544684, at *4.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

**REQUEST FOR PRODUCTION NO. 3**

Documents sufficient to identify: (a) any sector, industry, market, submarket, or business line in which You compete or have competed with Apple related to the Alleged Conduct; (b) any other participants in such sectors, industries, markets, or business lines along with their respective market shares over time; (c) any industry or public recognition of such markets; (d) any distinct customers within such markets; (e) any distinct prices or pricing trends in such markets; and (f) any analyses of competition within such sectors, industries, markets, or business lines, such as analyses of supply or demand conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. Among other things, the Request purports to require Meta to identify "any" market in which it competes with Apple, regardless of whether that market is relevant to this litigation.

Meta further objects to this Request because it is vague and ambiguous because it refers to undefined and unspecified "distinct customers," "distinct prices or pricing trends," "business lines," and "analyses of supply or demand conditions."

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion.

Meta further objects to this Request to the extent that it seeks documents and/or information that is not within Meta's possession, custody, or control.

Meta further objects to this Request on the grounds that it seeks documents/information within the possession, custody, and control of parties to this litigation, or that are otherwise equally available to parties to the litigation.

Meta further objects to this Request to the extent that it purports to seek information concerning non-US markets. The United States is the only geographic market named in the DOJ Complaint.

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to identify any Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, or Digital Wallets that You have submitted to any App Marketplace for Smartphones, including any updates to such Apps, as well as the features or functions of each such App or App update and the APIs, features, entitlements, or development tools that You used or sought to use for each such App or App update.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. Among other things, the Request purports to require Meta to identify "any" Apps within five broad categories and to identify "any updates" to those Apps, the "features or functions" of the Apps or App updates, and the "APIs, features, entitlements, or development tools" that Meta has used "or sought to use."

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents or information within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

Subject to and without waiving its objections, Meta agrees to meet and confer with Apple about this Request.

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to show any of Your efforts to access any of Apple's APIs, features, functionalities, entitlements, or development tools, including Documents and Communications concerning any assistance You requested from Apple in facilitating such access or any features or functions that You requested that Apple develop for Your use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. Among other things, the Request purports to require Meta to identify "any" efforts to "access" any of a broad set of technology offered by Apple.

Meta further objects to this Request on the grounds that it is vague and ambiguous because the terms "efforts," "access," "features," "functionalities," "entitlements," and "development tools" are unspecified and undefined.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request on the grounds that it seeks documents or information within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

**REQUEST FOR PRODUCTION NO. 6**

All Communications with any Smartphone manufacturer, operating system provider, or App Marketplace concerning approval or review of any of Your Apps or App updates in the areas of Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets, and all Documents related to any such Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action because it requests "*all* Documents" related to "any" Communications

with "any" unspecified "Smartphone manufacturer, operating system provider, or App Marketplace" concerning the "approval or review" by unspecified individuals or parties of "any . . . Apps or App updates" in five broadly-defined categories. This Request is an impermissible "fishing expedition" as it requests broad categories of documents and "only some of the documents [responsive to this Request] will ultimately tie back to [the] Defendant[.]" *Cordero*, 2024 WL 4544684, at *4 (D.N.J. Oct. 22, 2024).

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents/information concerning non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 7**

Documents sufficient to show (by operating system, App Marketplace, country, and time) download and use rates for Your Apps in the areas of Your Super Apps, Cloud Streaming Apps, Messaging Apps, Wearables, and Digital Wallets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action, including because it seeks documents regarding numerous detailed metrics for all of Meta's Apps in five broad categories over an unspecified time period.

Meta further objects to this Request as vague and ambiguous because the terms "operating system," "time," "download and use rates," and "areas" are unspecified, undefined and open to interpretation.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others, including but not limited to users of Meta's Apps.

Meta further objects to this Request to the extent that it requests data that are unknown to Meta, not in the possession, custody, or control of Meta, or not maintained by Meta in the ordinary course of business.

Meta further objects to this Request to the extent that it seeks documents/information concerning non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

Subject to and without waiving its objections, Meta agrees to meet and confer with Apple about this Request.

**REQUEST FOR PRODUCTION NO. 8**

For each of Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Your Wearables, or Digital Wallets, including Your Facebook Mobile, Facebook Gaming, Instagram, WhatsApp, Facebook Messenger Apps, and any Apps connecting Smartphones to any version or predecessor of Your Meta Quest headsets, Documents sufficient to show (by operating system, App identity, App Marketplace, country, and time): (a) the identity of each App Marketplace on which the App is available and (b) user complaints concerning the functionality or features offered—or not offered—on the App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to

the needs of this action, including because it seeks documents regarding numerous detailed metrics for an undefined number of Meta's Apps in five broad categories over an unspecified time period.

Meta further objects to this Request as vague and ambiguous because the terms and phrases "operating system," "time," "available," "complaints," "functionality," and "features" are undefined and open to interpretation.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it requests data that are unknown to Meta, not in the possession, custody, or control of Meta, or not maintained by Meta in the ordinary course of business.

Meta further objects to this Request to the extent that it seeks documents/information concerning non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including about whether Meta offers any Apps that are "Super Apps."

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others, including but not limited to users of Meta's Apps.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple or other parties to this litigation.

Meta further objects to this Request to the extent that it seeks documents that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 9**

All Documents and Communications relating to any efforts by You to submit to any App Marketplace for Smartphones any Super Apps (including Facebook Mobile), Cloud Streaming Apps (including Facebook Gaming), Messaging Apps (including Messenger, WhatsApp, and Instagram), Apps concerning Wearables, or Digital Wallets, or any updates to such Apps, including: (a) the APIs, features, entitlements, or development tools that You used or sought to use for each App or App update; (b) Communications with any Smartphone manufacturer, operating system provider, or App Marketplace concerning approval or review, including any representations regarding user data collection, user or system security, targeting of minors, or objectionable content; (c) Documents concerning negotiations on any actual or threatened removal of any of Your Apps from the Apple App Store; (d) Documents concerning any rejected submission of any of Your Apps to the Apple App Store and Your efforts to bring Your Apps into compliance and/or resubmit the App to Apple; (e) privacy and security analyses of Your submitted Apps; (f) profit projections for Your submitted

Apps; (g) marketing or other strategic plans for Your submitted Apps; and (h) comparisons of Your native submitted Apps to Your web-based versions, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action, including because the Request purports to seek "[a]ll Documents and Communications" relating to "any efforts" by Meta to submit to any App Marketplace "any" Apps belonging to five broad categories, without time limitation, presenting a significant burden to Meta.

Meta further objects to this Request as vague and ambiguous because the terms and phrases "updates," "features," "entitlements," operating system," "user data collection," "user or system security," "targeting of minors," "objectionable content," "privacy and security analyses," "profit projections," and "marketing or other strategic plans" are unspecified, undefined and open to interpretation.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it requests data that are unknown to Meta, not in the possession, custody, or control of Meta, or not maintained by Meta in the ordinary course of business.

Meta further objects to this Request to the extent that it seeks documents/information concerning non-US markets.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

Meta further objects to this Request to the extent that it seeks documents or information regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications concerning any Apple practices or policies that You contend have adversely impacted Your Apps or Your Business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action, including because the Request purports to seek "[a]ll Documents and

Communications" concerning "any" Apple practices or policies, presenting a significant burden to Meta.

Meta further objects to this Request on the grounds that the Request seeks documents or information that are not relevant to any claim or defense in this action. Meta is not a party in this case and does not have any contentions that are relevant to the claims or defenses therein. Meta does not participate in the relevant markets (for Smartphones and Performance Smartphones) that are described in the DOJ Complaint.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion regarding what "Apple practices or policies" "adversely impacted [Meta's] Apps or [Meta's] Business."

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

Subject to and without waiving the foregoing objections, Meta is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 11**

All Documents concerning Your Communications, meetings, or interactions with any government agency or division (whether federal, state, local, or foreign) or with any private plaintiff (or representative thereof) in any actions coordinated as part of: (a) *In re*

*Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD- 3113 (D.N.J.) or (b) any other lawsuits against or concerning Apple; the Alleged Conduct; or the Alleged Markets. Such Documents should include (i) any Documents or Communications exchanged between You and any such Person; (ii) any Documents You relied on or otherwise used in connection with such Communications; (iii) any agendas or materials prepared for any meetings, discussions, or interactions with any such Person; or (iv) any summaries, transcripts, notes, or other accounts of such meetings, discussions, or interactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action, including because it purports to require the discovery of "[a]ll Documents" concerning Meta's "Communications, meetings, or interactions" with any government agency or division or "any private plaintiff" in "any actions" or "lawsuits" "concerning" Apple, without regard to the relevance of the documents sought to the instant action, and without any limitation as to the subject matter or substance of the documents sought. *See Ranton v. Quest Diagnostics*, 2024 WL 3092024, at *3 (D.N.J. June 21, 2024) (request for production is overbroad when it fails to state any subject matter limitation); *Campbell v. Sedgwick, Detert, Moran & Arnold*, 2012 WL 12898345, at *3 (D.N.J. Oct. 9, 2012) (same).

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple through discovery on Apple's party opponents.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably

calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request on the grounds that it seeks documents/information within the possession, custody, and control of parties to this litigation, or that are otherwise equally available to parties to the litigation. *See Apple, Inc. v. Match Grp., Inc.*, 2021 WL 3727067, at *5 (N.D. Cal. Aug. 19, 2021).

Meta further objects to this Request to the extent that it seeks documents regarding non-US markets, including those related to Meta's Communications, meetings, and interactions (if any) with "foreign" government agencies or divisions. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others.

Meta further objects to this Request to the extent that it seeks documents that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 12**

All Documents and Communications showing any value or benefits, including in terms of security, privacy, ease of use, distribution, marketing, or ability to innovate, that iPhone, the Apple App Store, App Review, or Apple have provided for Your Apps or Your

Business, including any quantification of any such benefits or the costs that You would incur in the absence of such benefits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action because it requests, without time limitation or further specification, "[a]ll Documents and Communications showing any value or benefits . . . that the iPhone, the App Store, App Review or Apple have provided" to Meta.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents concerning undefined and unspecified "value" or "benefits" pertaining to the similarly undefined and unspecified terms of "security," "privacy," "ease of use," "distribution," "marketing," or "ability to innovate."

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether "iPhone, the Apple App Store, App Review, or Apple" have provided "any value or benefits" for Meta's "Apps" or "Business."

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

**<u>REQUEST FOR PRODUCTION NO. 13</u>**

All Documents and Communications reflecting any comparison or analysis of the relative benefits or drawbacks of Apple products and services as compared to the products and services offered by other companies, including benefits or drawbacks related to privacy and security, user experience, effects on competition, or the performance or features of Your Apps or services.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 13</u>**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action because it requests "[a]ll Documents and Communications reflecting any comparison or analysis of the relative benefits or drawbacks of Apple products and services" with the products and services offered by *any* "other companies," regardless of whether the products and services are mentioned in the DOJ Complaint or Apple's Answer.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents concerning undefined and unspecified "benefits or drawbacks" pertaining to the similarly undefined and unspecified terms of "privacy and security," "user experience," "effects on competition," "performance," or "features," as compared to an undefined number of "other companies."

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. The Request purports to seek documents relevant to

Apple products and services that are not mentioned in the DOJ Complaint or otherwise relevant to this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Request.

Meta further objects to this Request to the extent that it seeks documents regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications concerning any requests and responses thereto that You have made to any App Marketplace regarding changes to or exemptions from any guidelines, rules, or decisions with respect to the App Marketplace, including any proposals You have made for any guidelines that any App Marketplace should adopt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action because it requests "[a]ll Documents and Communications concerning *any* requests and responses" Meta has made (if any) to "*any* App Marketplace" regarding, without regard to subject matter or substance, "changes to or exemptions from any guidelines, rules, or decisions," without time limitation. The benefits of this discovery would be outweighed by the burden or expenses imposed upon Meta.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably

calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple through discovery on Apple's party opponents.

**REQUEST FOR PRODUCTION NO. 15**

Documents sufficient to show Your policies and procedures concerning Your selection or use of Smartphones for Your officers and employees, including Your policies and procedures applicable to which Smartphones are permitted and how they may be used, and Your policies and procedures for Bring Your Own Devices ("BYOD") and how they may be used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action because it requests, without time limitation, "Documents" showing Meta's "policies and procedures" concerning Meta's "selection or use of Smartphones" for Meta's officers and employees. The benefits of this discovery are outweighed by the burden or expenses imposed upon Meta.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. Meta's internal policies concerning the use of Smartphones are not relevant (or, at best, of minimal relevance) to the claims or defenses in this action.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

**REQUEST FOR PRODUCTION NO. 16**

All Documents and Communications regarding any evaluations of the relative benefits and risks associated with different Smartphones and App Marketplaces, Smartphone privacy and security features, and policies governing the downloading of Apps or software to the BYOD device, including any policies or procedures concerning the manner in which employees may download Apps or software to the device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action because it requests, without time limitation, "[a]ll Documents and Communications" regarding "*any* evaluations" concerning "different Smartphones and App Marketplaces, Smartphone privacy and security features, and policies governing the

downloading of Apps or software." The benefits of this discovery to the litigation are outweighed by the burden and expense imposed upon Meta.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents concerning undefined and unspecified "evaluations" of the similarly undefined and unspecified terms "relative benefits and risks," "privacy and security features," "policies governing the downloading of Apps," with reference to an unspecified "device." Moreover, Meta cannot ascertain whether the Request purports to seek discovery relevant to all devices, or only to Meta employees' use of what Apple calls "BYOD" devices.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. Meta's internal policies concerning the use of Smartphones (if that is what the Request seeks) are not relevant to the claims or defenses in this action.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

**REQUEST FOR PRODUCTION NO. 17**

Documents sufficient to show (by operating system, App identity, App Marketplace, country, and time on a monthly basis) the financial performance of each of Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, or Digital Wallets, including: (a) the identity of each App Marketplace on which the App is available; (b) financial

statements on an annual and quarterly basis reflecting the financial performance of the App; (c) the costs associated with the development of the App; (d) the costs associated with distribution of the App on each App Marketplace; (e) the revenue of the App on each App Marketplace; (f) the commission rate(s) paid on each App Marketplace; and (g) the revenue and costs associated with direct distribution or other means of distribution outside any App Marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks Documents showing, at a granular level and without time limitation, the "financial performance" of an undefined number of Meta's Apps in five broad categories. Such an expansive and undefined Request is facially disproportionate and unduly burdensome.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it requests data that are unknown to Meta, not in the possession, custody, or control of Meta, or not maintained by Meta in the ordinary course of business.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications concerning Your decisions, policies, practices, or efforts to obtain access to or use or not use or enable or disable any features, functionality, or APIs of Smartphones concerning Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets, including Your decision in 2023 to discontinue Apple Watch users' ability to respond to Messenger notifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks, without subject matter limitation, "[a]ll Documents and Communications" concerning Meta's "decisions," "policies," "practices," or "efforts" to "obtain access to," "use," "not use," "enable," or "disable," any "features, functionality, or APIs" of smartphones pertaining to Meta Apps within five broad categories. Such an expansive Request, which would sweep in all or nearly all documents concerning any features of Meta's smartphone Apps, is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request, which concerns all Smartphones, not just Apple's Smartphones, far outweighs the potential benefit of the information to this litigation.

Meta objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents concerning undefined and unspecified "policies," "practices," and "efforts" to do a series of undefined and unspecified actions: "obtain access to," "use," "not use," "enable," and "disable" with reference to various smartphone functionalities and tools.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

**REQUEST FOR PRODUCTION NO. 19**

All Documents and Communications concerning Your decisions regarding whether to offer In-App Purchases for services on Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets, including: (a) Your analyses of the privacy and security impacts resulting from such decisions; (b) the financial impacts on You resulting from such decisions; (c) whether You have, had, or plan to have a similar policy for non-Apple App Marketplaces and the reasons for that decision; (d) whether users have the ability to use In-App Purchases on each platform on which the App is available (including iOS, Android OS, and non-mobile platforms) for redemption on another platform; (e) Communications with third parties regarding the financial, privacy, and security impacts resulting from such decisions; and (f) Documents concerning negotiations between You and any App Marketplace about the payment system offered in each App You distribute.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks, without subject matter or time limitation, "[a]ll Documents and Communications" concerning Meta's "decisions regarding whether to offer In-App Purchases" in five broad categories of Apps. The Request contains six separate subparts, which purport to require production of documents concerning Meta's "analysis" of the "privacy and security impacts" of decisions concerning In-App Purchases; "the financial impacts" of decisions concerning In-App Purchases; whether Meta has or plans to have "a similar policy" for "non-Apple App Marketplaces" and the "reasons for that decision;" whether users of Meta's Apps may "use In-App Purchases" on "each platform" on which the App is available "for redemption on another platform;" "Communications" with unspecified and unlimited "third parties" concerning unspecified "financial, privacy, and security impacts" of In-App Purchases; and "Documents" concerning unspecified and unlimited "negotiations" between Meta "and any App Marketplace" about In-App Purchases. Such an expansive Request, which would sweep in a significant amount of information irrelevant to Apple, is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents concerning undefined and unspecified "decisions," including those related to undefined and unspecified "privacy and security impacts," "financial impacts" of unspecified decisions and the "reasons" for them.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 20**

All Documents and Communications concerning differences or comparisons (including with respect to consumer experience, privacy, security, safety, interoperability, and Your efforts to maintain privacy and security) between: (a) Apple's iMessage service and Your Messaging Apps, including both features available on Your Messaging Apps that are not available on iMessage and features of iMessage that Your Messaging Apps are technologically incapable of developing; (b) Apple's App Store and Your App Marketplaces; and (c) Facebook Mobile's performance on the iPhone and Facebook Mobile's performance on other Smartphones and platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks "[a]ll Documents and Communications" concerning any "differences or comparisons," without substantive limitation, between Apple's iMessage and an undefined number of Meta's Messaging Apps; between Apple's App Store and an undefined number of Meta's App Marketplaces; and Facebook Mobile's performance on an undefined number of platforms, including platforms that are not Smartphones. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents concerning undefined and unspecified "differences" or "comparisons," including those related to likewise undefined and unspecified "consumer experience," "privacy," "security," "safety," and "interoperability," as between various Meta Apps, products, and services, including Facebook Mobile's undefined and unspecified "performance" on different platforms.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it requests data that are unknown to Meta, not in the possession, custody, or control of Meta, or not maintained by Meta in the ordinary course of business.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

**REQUEST FOR PRODUCTION NO. 21**

All Documents and Communications concerning differences or comparisons (including with respect to consumer experience, privacy, security, safety, interoperability, and Your efforts to maintain privacy and security) between Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets, when used on Apple's iOS versus when used on a non-Apple platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks, without subject matter or time limitation, "[a]ll Documents and Communications" concerning any "differences or comparisons" between an unspecified number of Meta's Apps when used on Apple's iOS versus when used on an unspecified, unlimited number of other platforms, including non-Smartphone platforms. Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents concerning undefined and unspecified "differences," or "comparisons," including those related to likewise undefined and unspecified "consumer

experience," "privacy," "security," "safety," and "interoperability," as between an undefined and unspecified number of Meta Apps on Apple platforms versus an undefined and unspecified number of other platforms, including non-Smartphone platforms.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it requests data that are unknown to Meta, not in the possession, custody, or control of Meta, or not maintained by Meta in the ordinary course of business.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

**REQUEST FOR PRODUCTION NO. 22**

Documents sufficient to identify, at any time, all differences in functionality of Your Apps or services depending on the device and App Marketplace used, including differences in functionality of Your Apps or services between iPhone and Android or between Smartphones and other devices, as well as the reasons for any such differences.

**RESEPONSE TO REQUEST FOR PRODUCTION NO. 22**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks “Documents sufficient to identify” “at *any* time” “all differences” in the functionality of *any* Meta Apps or services “depending on the device and App Marketplace used,” including for non-Smartphone devices. Such an expansive Request, which requires Meta to identify all differences in functionality of all of its Apps, on all devices, over all time, is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents concerning undefined and unspecified “differences” in the undefined and unspecified “functionality” of Meta Apps operating on different platforms.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. For example, documents concerning the operation of Meta Apps on non-Smartphone platforms are not relevant to this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it requests data that are unknown to Meta, not in the possession, custody, or control of Meta, or not maintained by Meta in the ordinary course of business.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

Subject to and without waiving the foregoing objections, Meta is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 23**

All Documents and Communications concerning competition involving Your Apps in the areas of Super Apps, Cloud Streaming Apps, Messaging Apps, Wearables, and Digital Wallets offered on App Marketplaces, both globally and by country, including: (a) any analyses of market demand; (b) any analyses of market share in any market or submarket related to such competition; and (c) any analyses of the impact of Apple's or any other App Marketplace's App Review policies or procedures on such competition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks, without time limitation, "[a]ll Documents and Communications concerning competition" involving any Meta Apps in five broad categories. This expansive and undefined Request, which requires Meta to identify and produce all documents and communications concerning competition in any market or submarket, including those not relevant to this litigation, is facially disproportionate and unduly burdensome. The

burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information "concerning competition," including undefined and unspecified "analyses of market demand," "analyses of market share," and "analyses" of the undefined and unspecified "impact" of Apple's policies.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. For example, documents concerning competition in markets or submarkets other than Smartphones or Performance Smartphones are not relevant to this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents regarding non-US markets, including those related to competition "globally and by country." The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 24**

Documents sufficient to show the strategy, consumer research, and consumer response to all advertising campaigns related to Your Messaging Apps or Apple's Messaging Apps, including Your WhatsApp ads featuring a carrier pigeon and featuring the cast of *Modern Family*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents sufficient to show the undefined and unspecified "strategy," "consumer research," and "consumer response" to undefined and unspecified "advertising campaigns."

Meta objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents/information regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

**REQUEST FOR PRODUCTION NO. 25**

All Documents and Communications, including consumer surveys, concerning the availability on Your Messaging Apps, including WhatsApp, of SMS, MMS, RCS, or OTT capabilities, encrypted messages, send later features, and features permitting Your Messaging Apps to continue operating in the background when closed, including Your interest or lack of interest in any efforts to develop such features for Your Messaging Apps on any App Marketplace, Your security and privacy concerns about such features, and Your evaluation of industry developments concerning SMS, MMS, RCS, or OTT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks, without time limitation, "[a]ll Documents and Communications…concerning the availability" of seven separate App features on an unspecified number of Meta's Apps. It similarly seeks "[a]ll Documents and Communications" regarding Meta's interest in any efforts to develop those seven features, "security and privacy concerns" about those seven features, and, without time or subject matter limitation, Meta's "evaluation of

industry developments" concerning four separate messaging protocols. This expansive and undefined Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information sufficient to show the undefined and unspecified "availability" of features and Meta's "interest" or "lack of interest" in "efforts" to develop features, Meta's similarly unspecified and undefined "security and privacy concerns" about the features, and Meta's unspecified and undefined "evaluation" of any "industry developments" concerning certain protocols.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents/information regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by

law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

**REQUEST FOR PRODUCTION NO. 26**

All Documents and Communications concerning Your past, present, and planned future encryption policies and practices on Your Messaging Apps, including: (a) whether You have the technical ability to remove encryption from messages or other content; (b) whether and in what circumstances You unencrypt messages or other content; (c) whether and in what circumstances You provide unencrypted messages or content to any third party; (d) encryption methods You use or have considered using; (e) Your evaluation of on-device encryption versus cloud-based encryption, including Your reasons for using on-device encryption versus cloud-based encryption or vice versa; and (f) the technological basis for representations about WhatsApp data privacy and security made by You in the "Not Even WhatsApp" advertising campaign, launched in May 2025, and in any related outreach or messaging, including on whatsapp.com, as relevant to Apple platforms, including iOS, iPadOS, macOS, and watchOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks "[a]ll Documents and Communications" concerning Meta's "past, present, and planned future encryption policies and practices" on an unspecified number of Meta's messaging Apps. It purports to require Meta to produce documents/information on Meta's technical ability or policies (if any) to remove encryption from content; encryption methods that Meta has "considered" using, without time limitation; Meta's

"evaluation" of "on-device encryption versus cloud-based encryption;" and the "technological basis" for representations Meta purportedly made in an advertising campaign with no relevance to this litigation and "any related outreach or messaging." This expansive and undefined Request is facially disproportionate and unduly burdensome because, for example, it purports to require Meta to produce documents/information concerning the encryption policies that Meta uses for any of its Messaging Apps or has considered using for any of its Messaging Apps over all time, including into the future. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information concerning Meta's undefined and unspecified "encryption policies and practices," including whether Meta has the undefined and unspecified "technical ability" to "remove encryption;" whether Meta can "unencrypt" content; whether Meta "provides unencrypted messages or content" to third parties; Meta's unspecified and undefined "evaluation" of likewise unspecified and undefined "on-device encryption" versus "cloud-based encryption;" and the "technological basis" for undefined and unspecified "representations about WhatsApp data privacy and security" in an advertising campaign, and related outreach or messaging that (further unspecified and undefined) is "relevant to" Apple platforms.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. For example, the Request seeks information relating to Apple operating systems that are not operative on Smartphones or Performance Smartphones.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 27**

All Documents and Communications concerning Your efforts to integrate messages sent and received on Apple's Messaging Apps into Your Messaging Apps, including Facebook Messenger, WhatsApp, and Instagram, including: (a) whether and how such messages are encrypted; (b) any use of Mac or iPhone hardware identifiers in such efforts; (c) any use of iMessage servers and protocols, including Apple Push Notification Service, in such efforts; (d) any evaluation of whether such efforts are consistent with the Apple Developer Program License Agreement ("DLPA"); (e) any Communications with Your employees or other third parties concerning such efforts; and (f) any evaluation of the impact on the security, functionality, and convenience of messages sent and received on Apple's Messaging Apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks "[a]ll Documents and Communications" concerning Meta's efforts to "integrate messages sent and received on Apple's Messaging Apps" into an unspecified number of Meta's messaging Apps. This broad Request purports to require Meta to produce documents/information on "whether and how such messages are encrypted;" any use of Apple "hardware identifiers;" "any use of iMessage servers and protocols;" "any evaluation of" whether Meta's efforts, if any, "are consistent" with Apple's DPLA; "any Communications," without restriction, with Meta employees or third parties "concerning" Meta's efforts (if any); "any evaluation" of the impact on "the security, functionality, and convenience of messages sent and received on Apple's Messaging Apps." This expansive and undefined Request is facially disproportionate and unduly burdensome because, among other issues, it purports to require Meta to produce documents/information concerning a broad set of topics as to an unspecified number of Apps with messaging capabilities. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information concerning Meta's undefined and unspecified "efforts to integrate messages sent and received on Apple's Messaging Apps," including any use of undefined and unspecified "Mac or iPhone hardware identifiers," "iMessage servers and protocols," and undefined and unspecified "evaluation[s]" of the "impact" on undefined and unspecified "security, functionality, and convenience" of messages.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 28**

All Documents and Communications concerning the actual, perceived, or potential relative benefits or drawbacks of native Cloud Streaming Apps as compared to web-based Cloud Streaming Apps, or as compared to Apps whose content is not primarily streamed, including in terms of privacy, security, consumer experience, ease of use, innovation, and market demand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks, without subject matter or time limitation, "[a]ll

Documents and Communications" concerning, without limitation, the "actual, perceived, or potential relative benefits or drawbacks" of native Cloud Streaming Apps as compared to web-based Cloud Streaming Apps or to Apps whose content is not "primarily" streamed. Such an expansive Request is facially disproportionate and unduly burdensome.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information concerning undefined and unspecified, "relative benefits or drawbacks" of different kinds of Apps, including, vaguely, "in terms of" the undefined and specified terms "privacy," "security," "consumer experience," "ease of use," "innovation," and "market demand."

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 29**

Documents sufficient to show why You decided not to offer playable gaming content for Your Facebook Gaming App as offered on the Apple App Store and the impact on Your Business of that decision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information concerning Meta's decision "not to offer playable gaming content" on the Facebook Gaming App as offered on the Apple App Store and the undefined and unspecified "impact" on Meta's Business.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including the "impact" of a purported decision on Meta's "Business."

**REQUEST FOR PRODUCTION NO. 30**

Documents sufficient to show the reasons for Your decision to discontinue offering Your Facebook Gaming App, including: (a) any competitive or market share analyses; (b) any analyses of failures or shortcomings in Your Facebook Gaming App; (c) any consumer complaints or analyses of consumer complaints concerning Your Facebook Gaming App; and (d) any analyses of privacy or security issues concerning Your Facebook Gaming App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. This Request seeks "*any* competitive or market share analyses" concerning the Facebook Gaming App; "*any* analyses of failures or shortcomings" of the Facebook Gaming App; "*any* consumer complaints or analysis of consumer complaints" concerning the Facebook Gaming App; and "*any* analyses of privacy or security issues" concerning the Facebook Gaming App. This expansive and undefined Request is facially disproportionate and unduly burdensome because, for example, it purports to require Meta to produce "any" analyses related to Facebook Gaming in a set of four broad categories. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information concerning Meta's "decision to discontinue" offering the Facebook Gaming App, including any undefined and unspecified "competitive or market share analyses," "analyses of failures or shortcomings;" "consumer complaints," "analysis of consumer complaints;" and "analyses of privacy and security issues."

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

**REQUEST FOR PRODUCTION NO. 31**

All Documents and Communications reflecting consumer data, survey results, or complaints relating to user privacy, user and system security, exposure of users to objectionable content including content targeting minors, or potential fraud on any App offered by the Facebook App Center, Meta Horizon Store, and/or Your other Super Apps and App Marketplaces, other than those offered via the Apple App Store, including any consumer survey results or data indicating the value of user privacy, safety, and user and system security to users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to

the needs of this action. This Request seeks "[a]ll Documents and Communications" reflecting "consumer data," "survey results," or "complaints" relating to four topics on an unspecified number of Meta's Apps. This expansive and undefined Request is facially disproportionate and unduly burdensome because it purports to require Meta to produce all documents and communications related to a number of broad categories for all Meta apps not offered via the Apple App Store, including those not mentioned in the DOJ Complaint. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information reflecting undefined and unspecified "consumer data," "survey results," and "complaints" relating to the further undefined and unspecified terms "user privacy," "user and system security," "objectionable content including content targeting minors," and "potential fraud." The Request seeks this information as it relates to an undefined and unspecified category of Apps, those "offered by the Facebook App Center, Meta Horizon Store, and/or [Meta's] other Super Apps and App Marketplaces, other than those offered via the Apple App Store."

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 32**

All Documents and Communications concerning (a) internal and external assessments or analyses of user privacy and user and system security risks relating to Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets; and (b) any discussion or efforts by You regarding the application of a Smartphone manufacturer's or operating system provider's security and privacy principles including, but not limited to:

a. The finding from Your consumer research groups that "The idea that Facebook cares about people's privacy is not believable anywhere," as reported by former Director of Global Public Policy Sarah Wynn-Williams in CARELESS PEOPLE (2025);

b. The conduct described in https://www.washingtonpost.com/technology/2025/06/06/ meta-privacy-facebook-instagram/, https://arstechnica.com/security/2025/06/meta- and-

yandex-are-de-anonymizing-android-users-web-browsing-identifiers/; and https://localmess.github.io/, including but not limited to "apps from Meta and Yandex, a technology company that originated in Russia, circumvent[ing] privacy protections in Android devices in ways that allowed their apps to secretly track people as they browsed the web";

c. Your response to Apple's App Tracking Transparency framework;

d. Your expectation that, when You began operating in China, the Chinese government would be able to access the data of users located outside of China, as reported in the book referenced in RFP 32(a);

e. Your practice of combining user data without user consent (so-called "superprofiling"), including such conduct deemed an "exploitative abuse" by the German Bundeskartellamt (Federal Cartel Office) in *Facebook, Data Processing and the Abuse of a Dominant Position*, BUNDESKARTELLAMT (Feb. 7, 2019), https:// www.bundeskartellamt.de/SharedDocs/Meldung/EN/Pressemitteilungen/2019/07_0 2_2019_Facebook.html;

f. Breaches of the data security of Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets resulting in the exposure of user data, including breaches based on technical errors or vulnerabilities of which You were aware, *e.g.*, as alleged in *Adkins v. Facebook*. Amended Compl., *Adkins v. Facebook Inc*., No. 3:18-cv-05892 (N. D. Cal. Aug. 16, 2019) ¶ 15 ("Facebook knew for years about the security vulnerability that

led to [a 2018 data breach] and consciously disregarded the risk it posed to the safety of users' PII."); and

g. Your sale of user data to third parties without user consent, e.g., as alleged in In Re: Facebook, Inc. Consumer Privacy User Profile Litigation. Second Amended Compl., In Re: Facebook, Inc. Consumer Privacy User Profile Litigation., No. 3:18-md- 02843 (N.D. Cal. Aug. 4, 2020) ¶ 6 ("Facebook is not just a social media company, but also a data broker and surveillance firm. Facebook encourages users to share their content so that Facebook can harvest it, aggregate it, and sell access to it.").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks, without time limitation, "[a]ll Documents and Communications" concerning "internal and external assessments or analyses of user privacy and user and system security" relating to five broad categories of Meta's Apps, and "any discussion or efforts" regarding the "application of a Smartphone manufacturer's or operating system provider's security and privacy principles." The Request purports to seek information on six different allegations against Meta, all of which are either irrelevant, unsubstantiated, or both. Such an expansive Request is facially disproportionate and unduly burdensome.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. Allegations concerning Meta, regarding privacy or

otherwise, are not relevant to the question of whether Apple possesses a monopoly in Smartphones or Performance Smartphones. Apple's App Tracking Transparency framework is likewise irrelevant and not even mentioned in the DOJ Complaint.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents or information regarding non-US markets, including China and Germany. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 33**

Documents sufficient to identify all Your Super Apps, Cloud Streaming Apps, Messaging Apps, and Digital Wallets that were adopted or made available on any of Your App Marketplaces, including the Facebook App Center and the Meta Horizon Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information concerning an unspecified number of Apps

in four broad categories that were "adopted" or "made available" (unspecified and undefined terms) on Meta App Marketplaces.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request on the grounds that it seeks documents/information within the possession, custody, and control of parties to this litigation, or that are otherwise equally available to parties to the litigation.

Meta further objects to this Request to the extent that it seeks documents or information regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

**REQUEST FOR PRODUCTION NO. 34**

Documents sufficient to show whether You have offered, could offer, or have evaluated offering an App Marketplace on iPhones, as well as all Documents related to Your efforts or plans to develop such an offering, including any Documents relating to development costs, projected usage, and concerns relating to privacy, security, or fraud.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks documents showing whether Meta hypothetically "could offer" an App Marketplace on iPhones and "all Documents" related to Meta's efforts or plans (if any) "to develop such an offering." This expansive Request, which requires Meta to speculate about hypothetical technical possibilities (among other things), is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information concerning undefined and unspecified "development costs," "projected usage," and "concerns relating to privacy, security, or fraud" in relation to any hypothetical or actual Meta App Marketplaces.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta "could offer" an App Marketplace on iPhones.

**REQUEST FOR PRODUCTION NO. 35**

Documents sufficient to show the pricing strategy for Your Apps and App Marketplaces (such as Facebook Mobile, the Facebook App Center, and the Meta Horizon Store), including: (a) the past or present standard commission rate for In-App Purchases You charge to developers that distribute Apps through Your Super Apps or App Marketplaces; (b) a representative sample of any exceptions, discounts, or promotions that You have offered to developers that lower the commission rates or fees You charge developers for a user's In-App Purchase; (c) pricing trends, methods, and formulas; (d) Documents concerning factors used in determining, setting, or adjusting the prices; and (e) any impact (or lack thereof) that any company's commissions have on Your pricing strategy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. This Request seeks documents sufficient to show "pricing strategy" for a broad and undefined selection of Meta's "Apps" and "App Marketplaces," including an unspecified "sample" of "any exceptions, discounts, or promotions" that Meta has offered, without time limitation; "pricing trends, methods, and formulas" without substantive or time limitation; Documents that broadly "concern[]" the "factors used" in "determining, setting, or adjusting the prices;" and "*any*" impact or lack of impact that "*any*" company's commissions have on Meta's "pricing strategy." This expansive and undefined Request is facially disproportionate and unduly burdensome, and the burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information concerning undefined and unspecified "pricing strategy" in relation to an unspecified and undefined number of Meta's Apps; the unspecified and undefined "past or present standard commission rate" for In-App Purchases Meta purportedly charges developers; an unspecified and undefined "representative sample" of *any* "exceptions, discounts, or promotions," again an unspecified and undefined term; undefined and unspecified "pricing trends, methods, and formulas"— for what, Apple does not say; undefined and unspecified "factors" used in "determining, setting, or adjusting the prices;" and any "impact" (an undefined and unspecified term) of any company's commissions on Meta's "pricing strategy."

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including what constitutes a "representative sample."

**REQUEST FOR PRODUCTION NO. 36**

For Your Super Apps and App Marketplaces, such as the Facebook App Center or the Meta Horizon Store, Documents sufficient to show: (a) Your past or present decisions, current or previously operative guidelines, standards, other requirements, or practices that You apply to any Apps submitted for inclusion on Your App Marketplaces, including Your policies and procedures for pricing and payments for such Apps; and (b) whether You block Apps from any of Your App Marketplaces based on (i) how a developer delivers content and services (*e.g.*, whether content is installed on a device or streamed from the cloud), (ii) a developer's choice of In-App Purchase system, (iii) a developer's advertising, (iv) a developer's data collection, and/or (v) content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. This Request seeks documents sufficient to show, without limitation, Meta's "past or present decisions, current or previously operative guidelines, standards, other requirements or practices" that Meta applies to *any* Apps submitted for inclusion in Meta's App Marketplaces or its unspecified Super Apps. It also seeks documents showing whether Meta blocks Apps from any App Marketplaces based on five broad categories. This expansive and undefined Request is facially disproportionate and unduly burdensome, and the burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because it purports to request documents/information concerning an unspecified number of purported "Super Apps" and "App Marketplaces;" Meta's undefined and unspecified "past or present decisions," "current or previously operative guidelines," "standards," "other requirements," or "practices" for Apps submitted for inclusion in Meta's App Marketplace(s); and whether Meta uses any of five broad, unspecified and undefined criteria to "block" Apps from App Marketplace(s).

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

**REQUEST FOR PRODUCTION NO. 37**

For Your Super Apps and App Marketplaces, such as Facebook App Center or the Meta Horizon Store, Documents sufficient to show: (a) any features that differ from the Apple App Store; (b) whether any of Your App Marketplaces offer features, tools, or services to users and/or developers that the Apple App Store does not offer; (c) any features, tools, or services available to Meta first-party Apps that are not available to third- party developers; and (d) any comparison between Your approach to Mini-Programs and App Review on the one hand and, on the other, Apple's or any other App Marketplace's approach to App Review.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. Among other things, the Request seeks, without time or substantive limitation, documents showing "*any* features" that differ from the Apple App Store for any Meta "Super Apps" or "App Marketplaces;" "*any*" features, tools, or services available to Meta that are not available to third-party developers; and, without limitation, "*any* comparison" between Meta's approach to App Review and Apple's approach. Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because, among other things, it purports to seek documents/information concerning unspecified and undefined "features, tools, or services," and it purports to seek "any comparison" — an

unspecified and undefined term — between Meta's undefined "approach" to App Review and Apple's "approach" to App Review.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple through discovery on Apple's party opponents.

Meta further objects to this Request to the extent that it seeks documents regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

**REQUEST FOR PRODUCTION NO. 38**

Past and present contracts between: (a) You and other Smartphone manufacturers; (b) You and App Marketplaces; and (c) You and developers who distribute Apps or Mini-

Programs through Facebook Mobile, the Facebook App Center, Facebook Gaming, and the Meta Horizon Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request seeks, without time or subject matter limitation, contracts between Meta and any of three broad categories of contractual counterparties, on any topic including those not relevant to this litigation. Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. Meta's contracts with third parties who are not parties to this litigation are not relevant to the allegations in the DOJ Complaint that Apple is a monopolist in the markets for Performance Smartphones and Smartphones.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Apple, or that are otherwise equally available to Apple through discovery on Apple's party opponents.

Meta further objects to this Request to the extent that it seeks documents regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others. Meta further objects to this Request to the extent that it purports to require Meta to violate the terms of any agreements with third parties that require Meta to maintain confidentiality over such agreements.

**REQUEST FOR PRODUCTION NO. 39**

Documents sufficient to identify for each Mini-Program available on Facebook Mobile and Your other Super Apps: (a) the monthly active users; (b) the developer; (c) the privacy and security features; (d) any consumer complaints concerning each Mini-Program; (e) the launch date; and (f) the discontinuation date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. Among other things, the Request seeks, without time or subject matter limitation, "any" consumer complaints – not limited to those complaints addressed to Meta – about Mini-Programs on Meta's purported "Super Apps." Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous, in part because the term "privacy and security features" are unspecified and undefined.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably

calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. The full list of Mini-Programs on Facebook Mobile (or any purported Meta "Super Apps") does not bear on the allegations in the DOJ Complaint that Apple is a monopolist of the markets for Smartphones and Performance Smartphones.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

Meta further objects to this Request to the extent that the Request seeks information that is not in Meta's possession, custody, or control.

Meta further objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

**REQUEST FOR PRODUCTION NO. 40**

All Documents and Communications concerning the actual, perceived, or potential relative benefits or drawbacks of Mini-Programs compared to fully native Apps, including in terms of privacy, security, consumer experience, ease of use, and market demand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to

the needs of this action. Among other things, the Request seeks "[a]ll Documents and Communications" concerning any opinions about actual, perceived, or potential "relative benefits and drawbacks of Mini-Programs compared to fully native Apps" in at least five broad categories, that are themselves undefined. Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous, in part because the terms "privacy," "security," "consumer experience," "ease of use," and "market demand" are unspecified and undefined.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. Among other reasons, Meta employees' opinions on Mini-Programs, writ large, are not relevant to the factual or legal issues in this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

**REQUEST FOR PRODUCTION NO. 41**

Documents sufficient to identify the APIs, operating system features, entitlements, or development tools that Your Super Apps expose to Mini-Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. Among other things, the Request purports to require Meta to "identify" technical specifications and capabilities within four broad categories, without substantive or time limitation. Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous, in part because the terms "operating system features," "entitlements," "and "development tools" are unspecified and undefined.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. Among other reasons, the information sought about Meta's Apps and Mini-Programs (if any) is not relevant to the issue of whether Apple maintains a monopoly in the relevant markets of Smartphones or Performance Smartphones.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent it calls for opinion, interpretation, or legal conclusion, including whether Meta offers any Apps that are "Super Apps."

**REQUEST FOR PRODUCTION NO. 42**

All Documents and Communications, including consumer surveys, concerning the effects of Super App and Mini-Program displays, including the effects that an absence of icons, an absence of categories, and flat/text-only displays may have on Super App or Mini-Program success or competitive strength and customer reasons for purchasing or not purchasing Smartphones.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. Among other things, the Request purports to require Meta to produce "[a]ll Documents and Communications" concerning the "effects" of "Super App and Mini-Program displays." Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous, in part because the terms "consumer surveys," "effects," "success," "competitive strength," and "customer reasons for purchasing or not purchasing Smartphones" are unspecified and undefined. Meta cannot determine what the Request seeks because its request for documents/information "concerning the effects of Super App and Mini-Program displays" is vague and ambiguous.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably

calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

**REQUEST FOR PRODUCTION NO. 43**

All Documents and Communications concerning Your, Apple's, or any other Smartphone manufacturer's, App Marketplace's, or operating system provider's past or present policies or practices as related to the Alleged Conduct, including concerning: (a) Cloud Streaming Apps; (b) Messaging Apps and services; (c) Wearables including any Smartphone's ability to connect and interact with Wearables; and (d) the display or categorization of Mini-Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. This Request purports to require Meta to produce "[a]ll Documents and Communications" concerning Meta's, Apple's, or an unspecified number of other parties' "past or present policies or practices as related to the Alleged Conduct." This Request is so broad as to

be meaningless, and is facially disproportionate and unduly burdensome. *Asbestos Prods. Liability Litig.*, 256 F.R.D. at 157 (explaining that there is no obligation to respond to "'[a]ll-encompassing demands' that do not allow a reasonable person to ascertain which documents are required"). The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because the terms "as related to the Alleged Conduct," "connect and interact," and "display or categorization" are unspecified and undefined. The Request purports to request documents/information "concerning" an unspecified and indeterminate set of nonparties' "past or present policies or practices as related to the Alleged Conduct."

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that the Request seeks information that is not in Meta's possession, custody, or control.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others.

**REQUEST FOR PRODUCTION NO. 44**

All Documents and Communications relating to Your efforts or plans to offer Your own Wearable product or digital payment service for iOS or Android, including any Documents related to a project called "Milan" and to the current or previous versions of Your Meta Quest headset, and including any Documents or data relating to: (a) the costs of developing the product or solution; (b) the extent to which customers used or would use the product or solution; (c) any actual or potential concern relating to the privacy and/or security of the product or solution; (d) the actual or potential discontinuation of the product or solution; and (e) Your efforts to create compatibility between the product or solution and iPhones and other Smartphones, including the standard or other method used for notifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action because it purports to require Meta to produce "[a]ll Documents and Communications" relating to any Meta "efforts or plans" to offer a Wearable product or digital payment service, without subject matter or time limitation. Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous because the terms "efforts or plans," "costs," "customers," "privacy and/or security," "create compatibility," and "standard or other method used for notifications" are unspecified and undefined.

Meta further objects to this Request to the extent that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

Subject to and without waiving the foregoing objections, Meta is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 45**

All Communications with any government agency, including without limitation the European Commission, Offices of the Attorney General for any U.S. State, the U.S. Federal Trade Commission, the U.S. Department of Justice, or the U.S. Department of Defense concerning any reports, outages, complaints, investigations, or security incidents concerning user privacy, user or system security, fraudulent activity, or exposure of users to objectionable content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to

the needs of this action. This Request purports to require Meta to produce "[a]ll Communications" with an indefinite number of government agencies, without time limitation, concerning five broad topics. Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous, in part because the terms "reports," "outages," "complaints," "investigations," "security incidents," "user privacy," "user or system security," "fraudulent activity," and "exposure of users to objectionable content" are unspecified and undefined.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

Meta further objects to this Request on the grounds that it seeks documents/information within the possession, custody, and control of parties to this litigation, or that are otherwise

equally available to parties to the litigation, including the U.S. Department of Justice and the States that are parties to this litigation.

Meta further objects to this Request to the extent that it seeks documents/information regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 46**

All Documents and Communications concerning any efforts by You, whether direct or indirect, alone or in concert with any Person, to change, influence, circumvent, lobby for legislation related to, or draw government or public attention to any of Smartphone manufacturer, operating system provider, or App Marketplace's policies or practices, including any contractual or policy terms related to App features or distribution, any fees or other monetary penalties or incentives, or any policies or technical limitations concerning App features or APIs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. This Request purports to require Meta to produce "[a]ll Documents and Communications," "whether direct or indirect," concerning any efforts by Meta (to the extent any exist) to "change, influence, circumvent, lobby for legislation related to, or draw government or public attention" to the policies of a broad list of Persons and companies. Such an expansive

Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it is vague and ambiguous, in part because the terms "direct or indirect," "change," "influence," "circumvent," "lobby for legislation related to," and "draw government or public attention to" are unspecified and undefined.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents/information regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent that it seeks documents or information protected by the First Amendment privilege. *See Apple, Inc.*, 2021 WL 3727067, at *7-8. Disclosure of this information would chill the First Amendment exercise of Meta, its employees, and trade associations, public advocacy organizations, or other organizations to which Meta belongs. *See id.* at *8 ("Who in their right mind would want to participate in a public advocacy

organization, knowing that all their internal communications about strategy, lobbying, planning, and so on, would be turned over to their principal opponent?").

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 47**

Documents sufficient to show the reasons for Facebook's acquisitions of WhatsApp and Oculus VR, including: (a) Documents concerning strategic plans in connection with the acquisitions; (b) regulatory submissions related to the acquisitions; and (c) competitive or market share analyses concerning the acquisitions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. This Request purports to require Meta to produce documents showing "the reasons" for the acquisitions of WhatsApp and Oculus VR, including "strategic plans," "regulatory submissions," and "competitive or market share analyses." Such an expansive Request is facially disproportionate and unduly burdensome. The burden to Meta of responding to this Request far outweighs the potential benefit of the information to this litigation.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. For instance, the Request seeks information about acquisitions that occurred prior to relevant time period described in the DOJ Complaint.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it seeks documents/information regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Meta further objects to this Request to the extent that it seeks documents that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 48**

All Documents and Communications concerning the basis, if any, for Mark Zuckerberg's statements concerning Apple and its products and services on the "The Joe Rogan Experience #2255" podcast episode released January 10, 2025, including Mr. Zuckerburg's claims that: (a) at least one of Apple's protocols that Mr. Zuckerberg claims can be used by AirPods but not Meta Ray-Ban glasses is "insecure because [Apple] didn't build any security into it"; and (b) there are "all these small companies that, like, probably can't even exist because of the taxes that [Apple] put in place."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Among other reasons, Mr. Zuckerberg's excerpted, out-of-context statements on the Joe Rogan Experience are not relevant to this action.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

**REQUEST FOR PRODUCTION NO. 49**

All Communications between You and any third-party entity about *Apple Smartphone Antitrust Litigation*, No. 4:11-cv-06714 (N.D. Cal.), *Labcorp v. Davis*, No. 24-304 (U.S.), or *Epic Games v. Apple*, No. 4:20-cv-05640 (N.D. Cal.), including Communications with third-party experts and Communications with agents, counsel, or other representatives for those plaintiffs and/or putative intervenors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation. Meta personnel's communications, if any, about totally separate and unrelated litigation, including litigation in which Apple was not a party, with third parties (including those who are not suing Apple), have no bearing on the claim that Apple possesses a monopoly in the market for Smartphones and Performance Smartphones, or any

defenses thereto. *See Apple Inc.*, 2021 WL 3727067, at *5 (denying similar request for communications with third parties concerning unrelated litigation).

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that it purports to request documents/information that are confidential or under seal.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

**REQUEST FOR PRODUCTION NO. 50**

The exhibits labeled PX3774, PX15118, PX15240, and PX12347, which were referenced in the Federal Trade Commission's April 14, 2025 Opening Statement for the *FTC v. Meta* trial, No. 20-cv-3590 (D.D.C.), and all Documents relating to the statements therein that: (a) "Privacy has consistently been the top-rated area users want Facebook to improve"; (b) "Consumers 'express that their concern about privacy and data collection outweigh any potential benefits of targeted ads'"; and (c) "Consumers don't come to Facebook to look at ads."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request to the extent that the Request seeks information that is not in Meta's possession,

custody, or control. Meta is not aware which documents that the FTC believes relate to or support its Opening Statement in the *FTC v. Meta* trial. The FTC, not Meta, is situated to respond to this Request.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta objects to this Request to the extent that the Request seeks information that is available within the public domain.

Meta objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

Meta objects to this Request to the extent that it requests documents/information that remain confidential or under seal pursuant to the Protective Order in *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Mar. 25, 2022), ECF No. 134, and the Order Regarding Confidentiality Procedures Before and At Trial, *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Mar. 25, 2025), ECF No. 478.

Subject to and without waiving its objections, Meta will produce to Apple the exhibits labeled PX3774 and PX15240.

**REQUEST FOR PRODUCTION NO. 51**

All Documents and Communications supporting Sheryl Sandberg's testimony in the *FTC v. Meta* trial, No. 20-cv-3590 (D.D.C.), that: (a) in 2012, the transition to mobile was a huge opportunity for Facebook; and (b) "communication and sharing grows faster, better, and cheaper every single day and at a super linear rate," as shown, for example, by the fact that in 2012, phones could not load videos but loading videos on phones has since become widespread.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that the Request seeks information that is available within the public domain.

Meta further objects to this Request to the extent that it purports to seek personal information, to which Meta may have an obligation or interest in maintaining confidentiality by

law, agreement or otherwise, including, but not limited to, individuals', including users', personally identifiable information.

Meta further objects to this Request to the extent that it requests documents/information that remain confidential or under seal pursuant to the Protective Order in *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Mar. 25, 2022), ECF No. 134, and the Order Regarding Confidentiality Procedures Before and At Trial, *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Mar. 25, 2025), ECF No. 478.

Subject to and without waiving its objections, Meta will produce to Apple the public transcript and exhibits used in Ms. Sandberg's direct and cross-examination, to the extent permitted by the above-referenced Orders.

**REQUEST FOR PRODUCTION NO. 52**

All Documents and Communications showing how You compete with iMessage, including a September 25, 2012, document presented at the *FTC v. Meta* trial, No. 20-cv-3590, in which Meta Chief Operating Officer Javier Olivan discussed "going nuclear with Apple."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request purports to seek, without time or subject matter limitation, "[a]ll Documents and Communications" showing how Meta competes with iMessage.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the

prosecution or defense of this litigation. The relevant markets in this litigation are the markets for Smartphones and Performance Smartphones; competition in other purported markets not alleged in the DOJ Complaint is not relevant.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request to the extent that the Request seeks information that is available within the public domain.

Meta further objects to this Request to the extent it seeks materials that, if disclosed, would violate the privacy interests of others.

Meta further objects to this Request to the extent that it seeks documents regarding non-US markets. The United States is the only geographic market named in the DOJ Complaint.

Subject to and without waiving its objections, Meta will produce to Apple the document from the *FTC v. Meta* trial labeled PX12106, in which Mike Vernal (not Javier Olivan) discusses "going nuclear with Apple" in the context of Apple's anticompetitive policies surrounding its native apps.

**REQUEST FOR PRODUCTION NO. 53**

All Documents and Communications concerning the following statements by the Coalition for a Competitive Mobile Experience, including underlying analyses or data, drafts, or bases for such statements:

a. "[S]martphone platform owners . . . are locking users into proprietary systems, limiting choice, and increasing costs for all consumers," *see*

Post, X.COM (APR. 30, 2025);
https://x.com/competitiveexp/status/1917602344507994153;

b. "Smartphone gatekeepers should not be permitted to discriminate against competing software, apps, or hardware (e.g. earbuds, watches, health wearables) by degrading or throttling the consumer experience. Devices and technology from different manufacturers – and the apps that ride on them – should be able to work seamlessly";

c. "App store providers should promote competition and choice in the app economy through equal treatment of competing app stores on their operating systems, by providing flexibility in pricing and payment options, avoiding unreasonable interference that limits consumer choice, and not preferencing their own offerings over others";

d. "Age-based content restrictions are most effective at the app store level because it is where apps are purchased, and the app store already has the age data," including any alleged obstacles to developers conducting age verification;

e. "While the smartphone ecosystem has provided consumers with great benefits, it has led to a duopoly where dominant platforms control the market and limit consumer choice to their own benefit," including any benefits from any "smartphone ecosystem" and the existence of an alleged "duopoly"; and

f. "Leveling the playing field, increasing interoperability, and adding age-based content restrictions in the app store will give consumers the power

they deserve, providing more freedom and access, all while lowering costs." *See Coalition Launches to Take on Anti-Competitive Smartphone Platform Duopoly*, COALITION FOR A COMPETITIVE MOBILE EXPERIENCE (accessed June 16, 2025), https://www.competitiveexp.com/coalition-launches-to-take-on-anti-competitive-smartphone-platform-duopoly/.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Meta reincorporates its General Objections as if set forth fully herein. Meta objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action. The Request purports to seek, without time or subject matter limitation, "[a]ll Documents and Communications" "concerning" certain statements by another third party, the organization Coalition for a Competitive Mobile Experience, including internal organizational documents. This Request is disproportionate to the needs of the litigation. *See Apple, Inc.*, 2021 WL 3727067, at *5.

Meta further objects to this Request on the grounds that it seeks documents and/or information that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence that is material and necessary in the prosecution or defense of this litigation.

Meta further objects to this Request on the grounds that it is premature. Meta has already produced thousands of documents, which Apple has received but did not review before making this Request. Apple should review the Meta documents that are already in its possession before issuing overbroad, burdensome, and disproportionate Requests.

Meta further objects to this Request on the grounds that it seeks documents or information protected by the First Amendment privilege. *Id.* at *7-8.

Meta further objects to this Request to the extent that it seeks documents/information that may be protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

Dated: August 15, 2025

/s/ *Ana Nikolic Paul*

Ana N. Paul
Hannah D.C. DePalo
Natalie E. Giotta
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: apaul@kellogghansen.com
hdepalo@kellogghansen.com
ngiotta@kellogghansen.com

*Counsel for Non-Party Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I, Ana N. Paul, hereby certify that on August 15, 2025, I served a copy of Non-Party Meta Platforms, Inc.'s Responses and Objections to Defendant Apple Inc.'s Subpoena to Produce Documents by electronic mail upon the following:

David A. O'Neil
Debevoise & Plimpton LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C 20004
daoneil@debevoise.com
(202) 383-8000

*/s/ Ana Nikolic Paul*
Ana N. Paul