Josh A. Cohen (Cal. Bar No. 217853)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
jacohen@debevoise.com

David A. O'Neil (*pro hac vice* application forthcoming)
Anna A. Moody (*pro hac vice* application forthcoming)
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com
amoody@debevoise.com

Michael Schaper (*pro hac vice* application forthcoming)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, N.Y. 10001
(212) 909-6000
mschaper@debevoise.com

*Counsel for Movant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE APPLE INC.'S APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH NON-PARTY SUBPOENA SERVED ON META PLATFORMS, INC. IN THE PENDING CASE UNITED STATES ET AL. V. APPLE INC., NO. 2:24-CV-04055 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** | Case No. 3:26-mc-80274<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge:<br><br>[FILED CONCURRENTLY WITH [PROPOSED] ORDER RE MOTION TO FILE UNDER SEAL] |

Pursuant to Local Rules 7-11 and 79-5(f), Movant Apple Inc. ("Apple") respectfully submits this Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Motion to Seal") in connection with its Motion to Compel Discovery from Non-Party Meta Platforms, Inc. ("Meta") and Transfer the Motion to the United States District Court for the District of New Jersey (the "Motion to Compel and Transfer").

Apple submits this Motion to Seal because certain materials Apple intends to file in support of its Motion to Compel and Transfer consist of materials treated as Protected Material under the Discovery Confidentiality Order entered in the underlying action in the United States District Court for the District of New Jersey, *United States et al. v. Apple Inc.*, No. 2:24-cv-04055 (D.N.J.). *See* Ex. 1, Discovery Confidentiality Order, *United States et al. v. Apple Inc.*, No. 2:24-cv-04055 (D.N.J.), Dkt. No. 235. These materials have been designated as confidential by Plaintiff Department of Justice ("DOJ") or by non-party Meta. Pursuant to the Discovery Confidentiality Order, such Protected Material must be filed under seal before this Court. *See* Ex. 1, ¶ 35. Apple therefore files this motion in compliance with its obligations under the Discovery Confidentiality Order and in accordance with Local Rule 79-5(f).

Under Civil Local Rule 79-5(f), where a filing party seeks to seal material because it has been "designated as confidential by another party or non-party[,]" the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed and "identify each document or portion thereof for which sealing is sought[.]" Civil L.R. 79-5(f)(1). The filing party "need not satisfy the showing required[]" for sealing under Civil Local Rule 79-5(c)(1). *Id.* Within seven days of this motion's filing, the party designating the material as confidential must file a statement and/or declaration satisfying Civil Local Rule 79-5(c)(1). Civil L.R. 79-5(f)(3). Failure to do so may result in the unsealing of the provisionally sealed material without further notice. *Id.*

Apple submits the following materials provisionally under seal to permit the DOJ and/or Meta to make any showing it believes is warranted:

| **Document** | **Portions to Be Filed Under Seal** | **Designating Party** |
|---|---|---|
| Defendant Apple Inc.'s Motion (1) to Compel Discovery from Non-Party Meta Platforms, Inc.; and (2) to Transfer Motion to the District of New Jersey Pursuant to Fed. R. Civ. P. 45(f) | Portions highlighted in yellow | Department of Justice / Meta Platforms, Inc. |
| Declaration of Anna A. Moody | Portions highlighted in yellow | Department of Justice / Meta Platforms, Inc. |
| Exhibit A, DOJ's Civil Investigative Demand, dated October 28, 2021 (USDOJ-01-005270) | Entire document | Department of Justice / Meta Platforms, Inc. |
| Exhibit B, e-mail correspondence between Meta employees Bryan Pope, Ash Jhaveri, Nikhil Shanbhag, Marc Shedroff, Vivek Sharma, Stephanie Wang, Pankaj Venugopal, Jim Gerber, Marina Shilman, Parkin Kent, Wesley Su, Tim Lamb, and others, dated March 2, 2020 to April 27, 2020 (META-DOJAPP-00067163) | Entire document | Meta Platforms, Inc. |
| Exhibit C, correspondence between Meta employees Marne Levine and Ash Jhaveri, dated April 14, 2020 (META-DOJAPP-00017454) | Entire document | Meta Platforms, Inc. |
| Exhibit D, messages between Meta employees Chinmay Karande, David Baser, Ning Li, and Stephanie Wang, dated July 17, 2020 (META-DOJAPP-00046896) | Entire document | Meta Platforms, Inc. |
| Exhibit E, e-mail correspondence between Meta employees Stephanie Wang, Jitin Khurana, Nathan SooHoo, and Anna Ying, dated March 18, 2021 to March 19, 2021 (META-DOJAPP-00047546) | Entire document | Meta Platforms, Inc. |
| Exhibit F, e-mail correspondence between Renata Hesse, Shane Palmer, Samantha Hynes (Sullivan & Cromwell LLP), and Jennifer Hane and Sarah Oldfield at the DOJ, dated May 9, 2022 to July 6, 2022 (USDOJ-01-004720) | Entire document | Department of Justice / Meta Platforms, Inc. |
| Exhibit L, e-mail correspondence between Meta's counsel and Apple's counsel from August 15, 2025 to February 5, 2026 | Portions highlighted in yellow | Department of Justice / Meta Platforms, Inc. |

| | | |
|---|---|---|
| Exhibit M, e-mail correspondence between Meta's counsel and Apple's counsel from May 15, 2026 to July 28, 2026 | Portions highlighted in yellow | Department of Justice / Meta Platforms, Inc. |
| Exhibit O, Apple's May 15, 2026 search protocol | Portions highlighted in yellow | Department of Justice / Meta Platforms, Inc. |

Apple takes no position on whether the designated material satisfies the applicable standard for sealing. That burden rests with the designating party under Civil Local Rule 79-5(f). Apple respectfully requests that the Court maintain the above-identified materials under seal on a provisional basis pending the designating parties' submission(s) under Civil Local Rule 79-5(f)(3), and thereafter grant or deny sealing as appropriate based on the designating party's showing.

In compliance with Civil Local Rule 79-5(e), an unredacted version of Apple's Application accompanies this Administrative Motion and a redacted version of Apple's Application has been filed publicly.

Dated: August 28, 2026

Respectfully submitted,

By: /s/ Josh A. Cohen

Josh A. Cohen (Cal. Bar No. 217853)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
jacohen@debevoise.com

David A. O'Neil (*pro hac vice* application forthcoming)
Anna A. Moody (*pro hac vice* application forthcoming)
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com
amoody@debevoise.com

Michael Schaper (*pro hac vice* application forthcoming)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, N.Y. 10001
(212) 909-6000
mschaper@debevoise.com

*Counsel for Movant Apple Inc.*