**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Ana N. Paul (*pro hac vice*)
Hannah D.C. DePalo (*pro hac vice*)
Stephanie E. Levin (*pro hac vice*)
Natalie E. Giotta (*pro hac vice*)
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
E-mail: apaul@kellogghansen.com
hdepalo@kellogghansen.com
slevin@kellogghansen.com
ngiotta@kellogghansen.com

**SULLIVAN & CROMWELL LLP**
Renata B. Hesse (SBN 148425)
550 Hamilton Avenue
Palo Alto, CA 94301-2010
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
E-mail: hesser@sullcrom.com

Shane M. Palmer (SBN 308033)
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: palmersh@sullcrom.com

*Counsel for Respondent Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE APPLE INC.'S APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH NON-PARTY SUBPOENA SERVED ON META PLATFORMS, INC. IN THE PENDING CASE *UNITED STATES ET AL. V. APPLE INC.*, NO. 2:24-CV-04055 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

Case No. 3:26-mc-80274-JCS

**META'S STATEMENT PURSUANT TO CIVIL LOCAL RULE 79-5(f)(3) IN RESPONSE TO APPLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (Dkt. No. 2)**

The Hon. Joseph C. Spero

Pursuant to Civil Local Rule 79-5(f)(3), non-party Meta Platforms, Inc. ("Meta"), hereby responds to Apple Inc.'s ("Apple") administrative motion to consider whether portions of Apple's Motion To Compel Discovery from Non-Party Meta and To Transfer the Motion to the United States District Court for the District of New Jersey, and the accompanying declaration and exhibits, should remain under seal.

Meta respectfully requests that the Court allow four narrow categories of information contained in Apple's submissions to remain under seal, as indicated in the table below. This straightforwardly sealable information consists of (1) confidential, competitively sensitive information pertaining to Meta's business strategies and contract negotiations with Apple; (2) confidential, competitively sensitive financial information; (3) confidential details about Meta's participation in the United States Department of Justice's ("DOJ") pre-complaint investigation of Apple; and (4) confidential, non-public personal identifying information ("PII") of Meta employees. None of this information has previously been publicly disclosed. The bases for these sealing requests are supported by declarations from Meta's Senior Director, Capacity Ecosystems, Stephanie Wang, and Director and Associate General Counsel, Competition and Regulatory, Rajesh S. James, both of whom have personal knowledge of Meta's confidentiality practices.

Meta's sealing requests should be evaluated under the "good cause" standard, which is the applicable standard for non-dispositive motions. *See Ochoa v. McDonald's Corp.*, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015); *Webb v. Healthcare Revenue Recovery Grp., LLC*, 2014 WL 12642192, at *2 (N.D. Cal. Sept. 22, 2014). But in any event, Meta's requests also meet the "compelling reasons" standard applicable to dispositive motions. *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (requiring parties to "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure" (internal citation omitted)). Additionally, the standards for sealing are "more lenient when the [confidential] information [at issue] concerns third parties," *Epic Games v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021), in recognition of the fact that "third parties d[o] not voluntarily put [that information] at issue" in the litigation, *United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014).

*First*, Meta seeks to seal narrow portions of Apple's motion and attached exhibits that relate to confidential negotiations between Meta and Apple, including Meta's strategy in those negotiations and Meta's reactions to Apple's negotiation positions. *See* Wang Decl. ¶¶ 4-7, Table Rows 1-4. Given Meta's ongoing commercial relationship with Apple, the disclosure of such information could impact Meta's future negotiations with Apple or other business counterparts, or give competitors an unfair advantage in competition with Meta. *See id*. The materials in this category are identified in Rows 1-4 of the table in the Wang Declaration.

Courts routinely find compelling reason to seal information concerning the "terms of confidential contracts" or "contract negotiations," *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019), including when disclosure would risk harming an entity's "competitive standing" by placing the entity "in a diminished bargaining position in future negotiations with potential customers and competitors," *Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 3958232, at *3 (N.D. Cal. July 29, 2023). Sealing information concerning confidential business strategies is permitted because there are compelling reasons to keep from public disclosure "[s]ources of business information that might harm a litigant's competitive strategy." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Courts routinely seal documents that contain "information about [a corporation's] business strategies and internal decisionmaking, product formulations, and confidential finances," because disclosure may cause competitive harm. *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018); *see also* Order re Omnibus Mot. To Seal, *DZ Rsrv. v. Meta Platforms, Inc.*, No. 3:18-cv-04978-JD, Dkt. No. 350 at 1 (N.D. Cal. Dec. 3, 2021) (sealing information related to Meta's "business strategies"); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 2017 WL 6043303, at *3 (N.D. Cal. Nov. 28, 2017) (sealing "confidential internal business communication regarding an internal assessment of [a party's] products and [its] development strategies" because "[d]isclosure would result in competitive harm").

The recognized protection against disclosure of a corporation's confidential business information is broad. It extends to "confidential information regarding [a defendant's] products, services, and business practices." *Ojmar US, LLC v. Security People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct.

19, 2016). And a corporation's "significant interest" in preventing the release of its confidential business information applies even where the "case generated an extraordinary amount of public interest." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222-28 (Fed. Cir. 2013) (sealing market research reports and product-specific financial information, including price levels for products and profitability analyses; and per-product revenues, pricings, and costs, that competitors and suppliers could utilize during business negotiations, and explaining that public's interest in the case did not create "legally cognizable interest in every document filed"). Such materials are sealable under either the "good cause" or "compelling reasons" standard because disclosure would result in use for an improper purpose. *See id.*; *see also Space Data Corp. v. X*, 2017 WL 11503233, at *2-3 (N.D. Cal. Sept. 25, 2017) (sealing confidential financial information, "including plans for and timing of commercialization" of products); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (sealing confidential business material, marketing strategies, advertising data, and product development plans in dispositive motion); *Rich v. Shrader*, 2013 WL 6028305, at *2-4 (S.D. Cal. Nov. 13, 2013) (sealing business documents, modeling, and financial projections).

*Second*, Meta seeks to seal narrow portions of Apple's motion and attached exhibits that discuss non-public, internal Meta financial assessments. *See* Wang Decl. ¶¶ 4-7, Table Rows 1, 5. The disclosure of non-public, internal assessments of Meta's financial strengths and weaknesses would also harm Meta competitively. *See id.* The materials in this category are identified in Rows 1 and 5 of the table in the Wang Declaration.

A corporation's non-public, confidential financial information is properly sealed. *See Big Run Studios, Inc. v. AviaGames, Inc.*, 2024 WL 1364734, at *2 (N.D. Cal. Mar. 28, 2024) ("[Exhibit] is properly sealed because it includes detailed, non-public, and confidential descriptions of Skillz's financial information and market research."); *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *4 (N.D. Cal. June 26, 2023) ("Sony has provided in detail compelling reasons for this court to seal its information. . . . Sony explains that the confidential and internal data, including . . . economic and commercial analysis that are not publicly accessible outside the company could 'unfairly enable [Sony]'s competitors to gain insight into [Sony]'s strategic thinking and business strategy.'"). For the same reasons explained above regarding Meta's confidential internal strategies, information about

Meta's "confidential finances" should be sealed, because disclosure may cause competitive harm. *Hadley*, 2018 WL 7814785, at *2.

*Third*, Meta seeks to seal narrow portions of Apple's motion and attached exhibits relating to DOJ's pre-complaint investigation of Apple. This sensitive information, if publicly disclosed, could significantly prejudice Meta or future government investigations. *See* James Decl. ¶¶ 4-6, 8-9, Table Rows 1-3, 5-7. These materials include Apple's characterizations of and quotations from communications between DOJ and Meta during the course of DOJ's pre-suit investigation, descriptions of Meta's business priorities and concerns, and descriptions of non-public internal documents and data that Meta provided to DOJ during DOJ's pre-suit investigation. *See id*. The information also contains details regarding DOJ's investigation into Apple, including its pre-suit discussions with Meta. *See id*. Revealing such communications to the public could also chill Meta's (and likely other nonparties') future willingness to candidly and openly communicate with the government about legitimate concerns throughout the course of an investigation, for fear that those communications might later be revealed in litigation or used to the non-party's competitive detriment. The materials in this category are identified in Rows 1-3, 5-7 of the table in the James Declaration. For this same reason, nonparties that have participated in other government investigations have similarly maintained information pertaining to that participation under seal. *See* Non-Party Snap Inc.'s Application For Leave To File Under Seal, *Meta Platforms, Inc. v. Snap Inc.*, No. 2:22-mc-00147-PA-AGR, Dkt. No. 22 at 1 (C.D. Cal. Aug. 8, 2022) (seeking to seal "non-public details regarding Snap's products and data systems and non-public interactions with a regulator during the course of an investigation").

*Finally*, PII from Meta employees, like their contact information, is also properly sealed. *See* James Decl. ¶¶ 4, 7-9, Table Row 4. Meta seeks to seal only the contact information for the employees in Moody Declaration Exhibit E, which are not public. Such information is routinely sealed by courts in this district. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (collecting cases) ("This Court has found compelling reasons to seal personally identifiable information.").

The information Meta seeks to seal, by category, is outlined in the table below.

| **Document** | **Portions To Be Filed Under Seal** | **Reason(s) for Sealing** |
|---|---|---|
| Defendant Apple Inc.'s Motion (1) To Compel Discovery from Non-Party Meta Platforms, Inc.; and (2) To Transfer Motion to the District of New Jersey Pursuant to Fed. R. Civ. P. 45(f) | Portions highlighted in yellow in Meta's Exhibit 1 | (1) Meta's business strategies and contract negotiations with Apple; (2) Meta's financial assessment; (3) Meta's participation in the DOJ's pre-complaint investigation of Apple |
| Declaration of Anna A. Moody | Portions highlighted in yellow | (1) Meta's business strategies and contract negotiations with Apple; (3) Meta's participation in the DOJ's pre-complaint investigation of Apple |
| Exhibit B, e-mail correspondence between Meta employees Bryan Pope, Ash Jhaveri, Nikhil Shanbhag, Marc Shedroff, Vivek Sharma, Stephanie Wang, Pankaj Venugopal, Jim Gerber, Marina Shilman, Parkin Kent, Wesley Su, Tim Lamb, and others, dated March 2, 2020 to April 27, 2020 (META-DOJAPP-00067163) | Entire document | (1) Meta's business strategies and contract negotiations with Apple |
| Exhibit C, correspondence between Meta employees Marne Levine and Ash Jhaveri, dated April 14, 2020 (META-DOJAPP-00017454) | Entire document | (1) Meta's business strategies and contract negotiations with Apple |
| Exhibit D, messages between Meta employees Chinmay Karande, David Baser, Ning Li, and Stephanie Wang, dated July 17, 2020 (META-DOJAPP-00046896) | Entire document | (1) Meta's business strategies and contract negotiations with Apple; (3) Meta's participation in the DOJ's pre-complaint investigation of Apple |
| Exhibit E, e-mail correspondence between Meta employees Stephanie Wang, Jitin Khurana, Nathan SooHoo, and Anna Ying, dated March 18, 2021 to March 19, 2021 (META-DOJAPP-00047546) | Portions highlighted in yellow in Meta's Exhibit 2 | (4) Meta employee's PII |
| Exhibit F, e-mail correspondence between Renata Hesse, Shane Palmer, Samantha Hynes (Sullivan & Cromwell LLP), and Jennifer Hane and Sarah Oldfield at the DOJ, dated May 9, 2022 to July 6, 2022 (USDOJ-01-004720) | Entire document | (3) Meta's participation in the DOJ's pre-complaint investigation of Apple |

| **Document** | **Portions To Be Filed Under Seal** | **Reason(s) for Sealing** |
|---|---|---|
| Exhibit L, e-mail correspondence between Meta's counsel and Apple's counsel from August 15, 2025 to February 5, 2026 | Portions highlighted in yellow | (3) Meta's participation in the DOJ's pre-complaint investigation of Apple |
| Exhibit M, e-mail correspondence between Meta's counsel and Apple's counsel from May 15, 2026 to July 28, 2026 | Portions highlighted in yellow | (3) Meta's participation in the DOJ's pre-complaint investigation of Apple |
| Exhibit O, Apple's May 15, 2026 search protocol | Portions highlighted in yellow on page 13 | (2) Meta's financial assessment |

## CONCLUSION

For the foregoing reasons, the Court should grant Meta's sealing requests as detailed in the declarations of Stephanie Wang and Rajesh S. James submitted herewith and in the attached proposed order.

DATED: September 11, 2026

Respectfully submitted,
/s/ Ana Nikolic Paul

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Ana N. Paul (*pro hac vice*)
Hannah D.C. DePalo (*pro hac vice*)
Stephanie E. Levin (*pro hac vice*)
Natalie E. Giotta (*pro hac vice*)
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
E-mail: apaul@kellogghansen.com
hdepalo@kellogghansen.com
slevin@kellogghansen.com
ngiotta@kellogghansen.com

**SULLIVAN & CROMWELL LLP**
Renata B. Hesse (SBN 148425)
550 Hamilton Avenue
Palo Alto, CA 94301-2010
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
E-mail: hesser@sullcrom.com

Shane M. Palmer (SBN 308033)
125 Broad Street

New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: palmersh@sullcrom.com

*Counsel for Respondent Meta Platforms, Inc.*