**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Ana N. Paul (*pro hac vice*)
Hannah D.C. DePalo (*pro hac vice*)
Stephanie E. Levin (*pro hac vice*)
Natalie E. Giotta (*pro hac vice*)
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
E-mail: apaul@kellogghansen.com
hdepalo@kellogghansen.com
slevin@kellogghansen.com
ngiotta@kellogghansen.com

**SULLIVAN & CROMWELL LLP**
Renata B. Hesse (SBN 148425)
550 Hamilton Avenue
Palo Alto, CA 94301-2010
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
E-mail: hesser@sullcrom.com

Shane M. Palmer (SBN 308033)
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: palmersh@sullcrom.com

*Counsel for Respondent Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE APPLE INC.'S APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH NON-PARTY SUBPOENA SERVED ON META PLATFORMS, INC. IN THE PENDING CASE *UNITED STATES ET AL. V. APPLE INC.*, NO. 2:24-CV-04055 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** | Case No. 3:26-mc-80274-JCS<br><br>**DECLARATION OF STEPHANIE WANG IN SUPPORT OF META'S STATEMENT PURSUANT TO CIVIL LOCAL RULE 79-5(f)(3) IN RESPONSE TO APPLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (Dkt. No. 2)**<br><br>The Hon. Joseph C. Spero |

I, Stephanie Wang, hereby state and declare as follows:

1. I am Senior Director, Capacity Ecosystems, at Meta Platforms, Inc. ("Meta"). I have been employed by Meta since December 3, 2013 and have held my current job title since July 20, 2026. Over the course of my employment at Meta, I have acquired personal knowledge of Meta's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, financial, technical, and marketing information.

2. I respectfully submit this declaration in support of Meta's Statement Pursuant to Civil Local Rule 79-5(f)(3) in Response to Apple Inc.'s ("Apple") Administrative Motion To Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 2), filed on August 28, 2026, in *In re Apple Inc.'s Application for Order Compelling Compliance with Non-Party Subpoena Served on Meta Platforms, Inc. in the Pending Case United States et al. v. Apple Inc., No. 2:24-CV-04055 in the United States District Court for the District of New Jersey*, Case No. 3:26-mc-80274-JCS (N.D. Cal.).

3. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Meta's policies and practices as they relate to the treatment of confidential information, materials that were provided to me and reviewed by me, or conversations with other knowledgeable employees of Meta. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

4. All of the material for which Meta requests sealing is maintained as confidential. To the best of my knowledge, none of this material has been publicly disclosed. As demonstrated with factual particularity below, there are compelling reasons and good cause to seal Meta's confidential materials.

5. For the reasons stated below, this information is sensitive, and, if publicly disclosed, could significantly prejudice Meta's competitive position by putting Meta at unfair disadvantage in future business negotiations and permitting Meta's competitors to gain an unfair advantage in competition with Meta. For example, the public disclosure of Meta's internal, confidential discussions of how to advance negotiations with Apple and internal Meta reactions to Apple's negotiation positions could reveal Meta's strategic decision-making, and could thereby enable Meta's business partners and competitors to adjust their own strategies, including in ways that undermine Meta's negotiating position

or mimic Meta's confidential strategies. The disclosure of Meta's confidential material could also give Apple, who Meta has an ongoing commercial relationship with, or other business partners or competitors, unfair leverage in future business negotiations or competition against Meta, putting Meta at an unfair disadvantage.

6. As a matter of internal policy, Meta and its employees treat the material described below as strictly confidential. In my experience and to the best of my knowledge, Meta does not disclose internal documents, data, or information of this nature outside of the company, except (if at all) to authorized third parties when so required or permitted by law or contract.

7. The specific information Meta seeks to seal is identified in the table below, with numbered rows for the Court's ease of reference:

| **Row No.** | **Document** | **Portions To Be Filed Under Seal** | **Basis for Sealing** |
|---|---|---|---|
| 1 | Defendant Apple Inc.'s Motion (1) To Compel Discovery from Non-Party Meta Platforms, Inc.; and (2) To Transfer Motion to the District of New Jersey Pursuant to Fed. R. Civ. P. 45(f) | Portions highlighted in yellow in Meta's Exhibit 1 at page 12, lines 7-9; page 15, lines 1-6, 11-15, 18-21; page 22, lines 14-15[1] | The highlighted portions quote from Exhibits B, C, and D, which discuss various options Meta considered internally in advancing negotiations with Apple and internal Meta reactions to Apple's position in the negotiations. Disclosing this externally, including to Apple—with whom Meta has an ongoing commercial relationship—could impact Meta's positioning in future negotiations with Apple, other business counterparts, and/or with Meta's competitors. This could result in competitive harm to Meta.<br><br>This document also discusses Meta's non-public, internal estimates of revenue figures—in particular, Meta's internal assessment of its financial strengths or weaknesses—disclosure of which would harm Meta competitively. |

[1] The Declaration of Rajesh S. James addresses the portions highlighted in yellow at other pages of the Motion.

| **Row No.** | **Document** | **Portions To Be Filed Under Seal** | **Basis for Sealing** |
|---|---|---|---|
| 2 | Exhibit B, e-mail correspondence between Meta employees Bryan Pope, Ash Jhaveri, Nikhil Shanbhag, Marc Shedroff, Vivek Sharma, Stephanie Wang, Pankaj Venugopal, Jim Gerber, Marina Shilman, Parkin Kent, Wesley Su, Tim Lamb, and others, dated March 2, 2020 to April 27, 2020 (META-DOJAPP-00067163) | Entire document | This document discusses various options Meta considered internally in advancing negotiations with Apple and internal Meta reactions to Apple's positions in the negotiations. Disclosing this externally, including to Apple—with whom Meta has an ongoing commercial relationship—could impact Meta's positioning in future negotiations with Apple, other business counterparts, and/or with Meta's competitors. This could result in competitive harm to Meta. |
| 3 | Exhibit C, correspondence between Meta employees Marne Levine and Ash Jhaveri, dated April 14, 2020 (META-DOJAPP-00017454) | Entire document | This document discusses various options Meta considered internally in advancing negotiations with Apple and internal Meta reactions to Apple's positions in the negotiations. Disclosing this externally, including to Apple—with whom Meta has an ongoing commercial relationship—could impact Meta's positioning in future negotiations with Apple, other business counterparts, and/or with Meta's competitors. This could result in competitive harm to Meta. |
| 4 | Exhibit D, messages between Meta employees Chinmay Karande, David Baser, Ning Li, and Stephanie Wang, dated July 17, 2020 (META-DOJAPP-00046896) | Entire document | This document discusses various options Meta considered internally in advancing negotiations with Apple and internal Meta reactions to Apple's positions in the negotiations. Disclosing this externally, including to Apple—with whom Meta has an ongoing commercial relationship—could impact Meta's positioning in future negotiations with Apple, other business counterparts, and/or with Meta's competitors. This could result in competitive harm to Meta. |
| 5 | Exhibit O, Apple's May 15, 2026 search protocol | Portions highlighted in yellow on page 13 | The highlighted portion on page 13 discusses Meta's non-public, internal estimates of revenue figures—in particular, Meta's internal assessment of its financial strengths or weaknesses—disclosure of which would harm Meta competitively. |

I declare under penalty of perjury that the foregoing is true and correct. Executed this September 11, 2026, in San Francisco, California.

*/s/ Stephanie Wang*

Stephanie Wang

**ATTESTATION**

I, Ana Nikolic Paul, am the ECF User whose ID and password are being used to file this document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories concur with this filing.

Dated: September 11, 2026

*<u>/s/ Ana Nikolic Paul</u>*
Ana Nikolic Paul