**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Ana N. Paul (*pro hac vice*)
Hannah D.C. DePalo (*pro hac vice*)
Stephanie E. Levin (*pro hac vice*)
Natalie E. Giotta (*pro hac vice*)
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
E-mail: apaul@kellogghansen.com
hdepalo@kellogghansen.com
slevin@kellogghansen.com
ngiotta@kellogghansen.com

**SULLIVAN & CROMWELL LLP**
Renata B. Hesse (SBN 148425)
550 Hamilton Avenue
Palo Alto, CA 94301-2010
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
E-mail: hesser@sullcrom.com

Shane M. Palmer (SBN 308033)
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: palmersh@sullcrom.com

*Counsel for Respondent Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE APPLE INC.'S APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH NON-PARTY SUBPOENA SERVED ON META PLATFORMS, INC. IN THE PENDING CASE *UNITED STATES ET AL. V. APPLE INC.*, NO. 2:24-CV-04055 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

Case No. 3:26-mc-80274-JCS

**DECLARATION OF RAJESH S. JAMES IN SUPPORT OF META'S STATEMENT PURSUANT TO CIVIL LOCAL RULE 79-5(f)(3) IN RESPONSE TO APPLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (Dkt. No. 2)**

The Hon. Joseph C. Spero

I, Rajesh S. James, hereby state and declare as follows:

1. I am Director and Associate General Counsel, Competition and Regulatory, at Meta Platforms, Inc. ("Meta"). Prior to that, I was Associate General Counsel, Competition and Regulatory at Meta. I have been employed by Meta since January 19, 2021 and have held my current job title since March 21, 2024. Over the course of my employment at Meta, I have acquired personal knowledge of Meta's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, financial, technical, and marketing information.

2. I respectfully submit this declaration in support of Meta's Statement Pursuant to Civil Local Rule 79-5(f)(3) in Response to Apple Inc.'s ("Apple") Administrative Motion To Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 2), filed on August 28, 2026, in *In re Apple Inc.'s Application for Order Compelling Compliance with Non-Party Subpoena Served on Meta Platforms, Inc. in the Pending Case United States et al. v. Apple Inc., No. 2:24-CV-04055 in the United States District Court for the District of New Jersey*, Case No. 3:26-mc-80274-JCS (N.D. Cal.).

3. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Meta's policies and practices as they relate to the treatment of confidential information, materials that were provided to me and reviewed by me, or conversations with other knowledgeable employees of Meta. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

4. All of the material for which Meta requests sealing is maintained as confidential. To the best of my knowledge, none of this material has been publicly disclosed. As demonstrated with factual particularity below, there are compelling reasons and good cause to seal Meta's confidential materials.

5. For the reasons stated below, this information is sensitive, and if publicly disclosed, could significantly prejudice Meta or future government investigations. These materials include Apple's characterizations of and quotations from communications between the United States Department of Justice ("DOJ") and Meta during the course of DOJ's pre-suit investigation. Those communications include descriptions of Meta's business priorities and concerns, and descriptions of non-public internal documents and data that Meta provided to DOJ during DOJ's pre-suit investigation.

6. The information contains details regarding DOJ's investigation into Apple, including its pre-suit discussions with Meta. Revealing such communications to the public could also chill Meta's (and likely other non-parties') future willingness to candidly and openly communicate with governments about legitimate concerns throughout the course of an investigation, for fear that those communications might later be revealed in litigation or used to the non-party's competitive detriment.

7. One document, Meta Exhibit 2 (Apple's Exhibit E), contains non-public, personal identifying information ("PII") of Meta employees. Apple provisionally filed the entire document under seal, but Meta seeks only to file under seal the portions highlighted in yellow containing contact information for these employees.

8. As a matter of internal policy, Meta and its employees treat the material described below as strictly confidential. In my experience and to the best of my knowledge, Meta does not disclose internal documents, data, or information of this nature outside of the company, except (if at all) to authorized third parties when so required or permitted by law or contract.

9. The specific information Meta seeks to seal is identified in the table below, with numbered rows for the Court's ease of reference:

| **Row No.** | **Document** | **Portions To Be Filed Under Seal** | **Basis for Sealing** |
|---|---|---|---|
| 1 | Defendant Apple Inc.'s Motion (1) To Compel Discovery from Non-Party Meta Platforms, Inc.; and (2) To Transfer Motion to the District of New Jersey Pursuant to Fed. R. Civ. P. 45(f) | Portions highlighted in yellow in Meta's Exhibit 1 at page 1, lines 26-28; page 2, lines 1-2, 5-8; page 3, lines 17-21; page 4, lines 1-11, 14-19, 21-22, 23-25; page 5, lines 1-4, 18; page 6, lines 23-26; page 7, lines 1, 12-13; page 8, lines 11-12; page 9, line 18; page 12, lines 4-9; page 14, lines 1-2, 5-6, 12-19; page 16, lines 1-4, 14-16, 23-25; page 17, lines 2-4, 11-15, 17-19, 21-23, 26-28; page 18, lines 2-5, 7-9, 12-16.[1] | The highlighted portions contain information regarding Meta's communications with DOJ and descriptions of non-public documents and data that Meta provided during DOJ's pre-suit investigation. Disclosure would reveal details of Meta's participation in the pre-suit investigation, including the nature and extent of Meta's participation and the details of the type and volume of material that Meta produced. |

[1] The Declaration of Stephanie Wang addresses the portions highlighted in yellow at pages 12, 15, and 22.

| **Row No.** | **Document** | **Portions To Be Filed Under Seal** | **Basis for Sealing** |
|---|---|---|---|
| 2 | Declaration of Anna A. Moody | Portions highlighted in yellow | The highlighted portions contain information regarding Meta's communications with DOJ and descriptions of non-public documents and data that Meta provided during DOJ's pre-suit investigation. Disclosure would reveal details of Meta's participation in the pre-suit investigation, including the nature and extent of Meta's participation and the details of the type and volume of material that Meta produced. |
| 3 | Exhibit D, messages between Meta employees Chinmay Karande, David Baser, Ning Li, and Stephanie Wang, dated July 17, 2020 (META-DOJAPP-00046896) | Entire document | In addition to the reasons explained in the Declaration of Stephanie Wang, this document contains non-public, internal Meta discussions regarding possible strategies for communicating with regulators and legislators and the perceived benefits or drawbacks of such a strategy. |
| 4 | Exhibit E, e-mail correspondence between Meta employees Stephanie Wang, Jitin Khurana, Nathan SooHoo, Anna Ying, and others, dated March 18, 2021 to March 19, 2021 (META-DOJAPP-00047546) | Portions highlighted in yellow in Meta's Exhibit 2 | The highlighted portions contain non-public PII of Meta employees. |
| 5 | Exhibit F, e-mail correspondence between Renata Hesse, Shane Palmer, Samantha Hynes (Sullivan & Cromwell LLP), and Jennifer Hane and Sarah Oldfield at the DOJ, dated May 9, 2022 to July 6, 2022 (USDOJ-01-004720) | Entire document | The document contains information regarding Meta's communications with DOJ and descriptions of non-public documents and data that Meta provided during DOJ's pre-suit investigation. Disclosure would reveal details of Meta's participation in the pre-suit investigation, including the nature and extent of Meta's participation and the details of the type of material that Meta produced. |

| Row No. | Document | Portions To Be Filed Under Seal | Basis for Sealing |
|---|---|---|---|
| 6 | Exhibit L, e-mail correspondence between Meta's counsel and Apple's counsel from August 15, 2025 to February 5, 2026 | Portions highlighted in yellow | The highlighted portions contain information regarding Meta's communications with DOJ and descriptions of non-public documents and data that Meta provided during DOJ's pre-suit investigation. Disclosure would reveal details of Meta's participation in the pre-suit investigation, including the nature and extent of Meta's participation and the details of the type of material that Meta produced. |
| 7 | Exhibit M, e-mail correspondence between Meta's counsel and Apple's counsel from May 15, 2026 to July 28, 2026 | Portions highlighted in yellow | The highlighted portions contain information regarding Meta's communications with DOJ and descriptions of non-public documents and data that Meta provided during DOJ's pre-suit investigation. Disclosure would reveal details of Meta's participation in the pre-suit investigation, including the nature and extent of Meta's participation and the details of the type of material that Meta produced. |

I declare under penalty of perjury that the foregoing is true and correct. Executed this September 11, 2026, in Vienna, VA.

*/s/ Rajesh S. James*

Rajesh S. James

# ATTESTATION

I, Ana Nikolic Paul, am the ECF User whose ID and password are being used to file this document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories concur with this filing.

Dated: September 11, 2026

*/s/ Ana Nikolic Paul*
Ana Nikolic Paul