# EXHIBIT B

**APPLE'S RESPONSE TO DECLARATION OF ANA N. PAUL EXHIBIT 3**
**"Mapping RFPs to CID Specifications"**

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| **RFP 6**: All Communications, as relevant to the Alleged Conduct, with any Smartphone manufacturer, operating system provider, or App Marketplace concerning approval or review of any of Your Apps or App updates in the areas of Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets, and all Documents related to any such Communications. | **Spec. 2**: Identify each individual who on behalf of the Company has communicated with Apple relating to distributing the Company's Relevant Products or Services to iOS users.<br><br>**Spec. 14**: Submit all documents relating to the Company's communications with Apple relating to: (a) the use of In-App Purchase relating to the Company's Relevant Products or Services . . . ; (b) any proposed or consummated marketing efforts undertaken by Apple to advertise or support the Company's Relevant Products or Services; (c) the Company's Relevant Product or Service as the default on iOS; and (d) the Company's negotiation of or participation in any agreement, partnership, or other arrangement, the terms of which would modify (i) Apple's share of revenue derived from the Company's Relevant Products or Services; or (ii) the Company's obligations under Apple's App Store Review Guidelines or Developer Program License Agreement. | Communications with Apple regarding app distribution and review. | DOJ Spec. 2 does not request communications or related documents specified in Apple RFP 6.<br><br>DOJ Spec. 14 does not call for all communications and related documents about approval or review of the listed app categories, including communications with other smartphone manufacturers, operating system providers, or App Marketplaces. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| **RFP 7**: Documents sufficient to show (by operating system, App Marketplace, country, and time) download and use rates for Your Apps in the areas of Your Super Apps, Cloud Streaming Apps, Messaging Apps, Wearables, and Digital Wallets, including any internal dashboards tracking app usage, analyses of monthly average users ("MAU") data, and analyses of overlap in usage across multiple Messaging Apps or between Your Messaging Apps and Apple's iMessage. | **Spec. 8**: Separately for each year, identify the top 10 mobile applications offered by the Company, separately based on the number of downloads and number of active users, and separately for each mobile application:<br><br>(a) identify each platform through which the mobile application is distributed . . . ; (b) state the applicable prices, including for download, subscriptions, or additional digital features or content; and (c) describe whether, and the extent to which, users across different platforms can interact with each other . . .<br><br>**Spec. 9**: For each mobile application identified . . . state: (a) the total revenue received by the Company, separately by revenue type . . . ; (b) the fee or commission schedule associated with distribution through the relevant platform and the amount of fees or commissions paid; (c) the number of downloads; (d) the number of total active users; (e) any other measures of user engagement used by the Company . . . ; (f) the total number of users that switched mobile application platforms . . .<br><br>**Spec. 10**: Separately for each month since January 1, 2015, and separately for each | App download data, usage data, and user metrics. | DOJ Specs. 8 and 9 are limited to the top 10 mobile applications identified each year.<br><br>DOJ Specs. 8, 9, and 10 do not require the underlying dashboards and analyses requested by Apple RFP 7, including dashboards specific to operating system, App Marketplace, country, and time; MAU analyses; and analyses of usage overlap across Meta's messaging apps or with iMessage. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| | model of mobile device, state: (a) the total number of users of the Company's mobile applications; and (b) the total number of users that switched to another mobile device, and indicate the new mobile device. | | |
| **RFP 8**: For each of Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Your Wearables, or Digital Wallets . . . [d]ocuments sufficient to show (by operating system, App identity, App Marketplace, country, and time): (a) the identity of each App Marketplace on which the App is available and (b) user complaints concerning the functionality or features offered—or not offered—on the App, and relating to cross-platform communication, interoperability, and switching between devices or operating systems. | **Spec. 8**: Separately for each year, identify the top 10 mobile applications offered by the Company, separately based on the number of downloads and number of active users, and separately for each mobile application:<br><br>(a) identify each platform through which the mobile application is distributed . . . ; (b) state the applicable prices, including for download, subscriptions, or additional digital features or content; and (c) describe whether, and the extent to which, users across different platforms can interact with each other . . . | Per-app marketplace availability and cross-platform functionality. | DOJ Spec. 8 is limited to the top 10 mobile applications and does not expressly require the requested showing for each app by operating system, App identity, App Marketplace, country, and time.<br><br>DOJ Spec. 8 does not call for user complaints about app functionality or features, including complaints about cross-platform communication, interoperability, or switching. |
| **RFP 9**: All Documents and Communications relating to any efforts by You to submit to any App Marketplace for Smartphones any Super Apps (including | **Spec. 3**: Describe all Relevant Products or Services for which the Company was investigated for a violation or a possible violation of any of the App Store guidelines or agreements, or otherwise | App Store submissions, rejections, removals, and compliance efforts. | DOJ Specs. 3 and 4 do not request submissions of Meta's products or services to *other* App Marketplaces for Smartphones. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
| --- | --- | --- | --- |
| Facebook Mobile), Cloud Streaming Apps (including Facebook Gaming), Messaging Apps (including Messenger, WhatsApp, and Instagram), Apps concerning Wearables, or Digital Wallets, or any updates to such Apps, including: (a) the APIs, features, entitlements, or development tools that You used or sought to use for each App or App update; (b) Communications with any Smartphone manufacturer, operating system provider, or App Marketplace concerning approval or review, including any representations regarding user data collection, user or system security, targeting of minors, or objectionable content; (c) Documents concerning negotiations on any actual or threatened removal of any of Your Apps from the Apple App Store; (d) Documents concerning any rejected submission of any of Your Apps to the Apple App Store and Your efforts to bring Your Apps into compliance and/or resubmit the App to Apple; (e) privacy and security analyses of Your | faced removal, rejection, or delay from being distributed in the App Store . . .<br><br>**Spec. 4**: Submit all documents relating to the Company's efforts to have its Relevant Products or Services distributed through the App Store, including documents relating to: (a) the investigations, removals, rejections, or delays . . . (b) whether to develop or consider developing any Relevant Product or Service for distribution through the App Store; (c) any concessions made by Apple or the Company during the review of any of the Company's Relevant Products or Services and any effects of such concessions; or (d) changes or updates to iOS, or Apple's requirements for distribution of Relevant Products or Services through the App Store . . . | | DOJ Specs. 3 and 4 do not request documents and communications about: the APIs, features, entitlements, and development tools used for each app or app update (Apple RFP 9(a)); privacy and security analyses of submitted apps (Apple RFP 9(e)); profit projections for submitted apps (Apple RFP 9(f)); marketing or other strategic plans, including MAU data (Apple RFP 9(g)); and comparisons of native submitted apps with web-based versions (Apple RFP 9(h)). |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| submitted Apps; (f) profit projections for Your submitted Apps; (g) marketing or other strategic plans, including monthly average users ("MAU") data, for Your submitted Apps; and (h) comparisons of Your native submitted Apps to web-based versions, if any. | | | |
| **RFP 10**: Documents sufficient to show the basis for Your estimate of approximately $598 million in potential revenue losses from IAP restrictions on Your gaming products, as alleged in Your narrative response to Specification 3 of the DOJ civil investigative demand, at META-ATR001-00000039, including any underlying financial models, data inputs, assumptions, revenue projections, and internal analyses used to calculate or support that estimate. | **Spec. 3**: Describe all Relevant Products or Services for which the Company was investigated for a violation or a possible violation of any of the App Store guidelines or agreements, or otherwise faced removal, rejection, or delay from being distributed in the App Store, and separately for each instance described: . . . (c) describe any estimated or projected losses to the Company as a result of the instance . . .<br><br>**Spec. 7**: Submit all documents relating to the products or services that the Company used, considered using, or sought to use to accept, authorize, or process payments relating to the Company's Relevant Products or Services . . . | Financial impact of Apple's restrictions. | DOJ Specs. 3 and 7 do not cover the basis for the approximately $598 million estimate, including the underlying financial models, data inputs, assumptions, revenue projections, or internal analyses used to calculate or support it. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| **RFP 11**: All Documents concerning Your Communications, meetings, or interactions with any government agency or division (whether federal, state, local, or foreign) or with any private plaintiff (or representative thereof) in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.). Such Documents should include (i) any Documents or Communications exchanged between You and any such Person; (ii) any Documents You relied on or otherwise used in connection with such Communications; (iii) any agendas or materials prepared for any meetings, discussions, or interactions with any such Person; or (iv) any summaries, transcripts, notes, or other accounts of such meetings, discussions, or interactions. | **Spec. 16**: Submit all documents submitted since January 1, 2018, to any domestic or foreign government agency relating to any investigation into alleged anticompetitive practices by Apple or produced in any lawsuit relating to any alleged anticompetitive practices by Apple. | Government and litigation communications regarding Apple's anticompetitive conduct. | DOJ Spec. 16 requests documents since January 1, 2018, whereas Apple RFP 11 requests documents beginning on January 1, 2014, and that postdate the CID.<br><br>DOJ Spec. 16 does not request communications, meeting materials, and interactions sought by Apple RFP 11(i)-(iv), or the documents—and related material requested by Apple RFP 11(i)-(iv)—submitted to private plaintiffs in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.).<br><br>DOJ Spec. 16 does not request internal Meta communications or documents that were not submitted to any domestic or foreign government agency. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| **RFP 12**: Documents sufficient to show any value or benefits, including in terms of security, privacy, ease of use, distribution, marketing, or ability to innovate, that iPhone, the Apple App Store, App Review, or Apple have provided for Your Apps or Your Business, including any quantification of any such benefits or the costs that You would incur in the absence of such benefits. | **Spec. 4**: Submit all documents relating to the Company's efforts to have its Relevant Products or Services distributed through the App Store, including documents relating to: (a) the investigations, removals, rejections, or delays . . . (b) whether to develop or consider developing any Relevant Product or Service for distribution through the App Store; (c) any concessions made by Apple or the Company during the review of any of the Company's Relevant Products or Services and any effects of such concessions; or (d) changes or updates to iOS, or Apple's requirements for distribution of Relevant Products or Services through the App Store . . .<br><br>**Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple. | Value and benefits Apple and the App Store provide to Meta. | DOJ Specs. 4 and 5 do not request documents showing the value or benefits that iPhone, the App Store, App Review, or Apple provided to Meta across the listed dimensions, or for quantification of those benefits and the costs Meta would incur without them. |
| **RFP 13**: Documents sufficient to show the relative benefits or drawbacks of Apple products and services as compared to the products and services offered by other companies, including benefits or drawbacks related to privacy and security, user | **Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple. | Comparative competitive analyses of Apple versus others. | DOJ Spec. 5 does not call for comparative documents addressing Apple products and services against those of other companies across the specified privacy, security, user experience, |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| experience, effects on competition, or the performance or features of Your Apps or services. | | | competition, performance, and feature dimensions. |
| **RFP 17**: Documents sufficient to show (by operating system, App identity, App Marketplace, country, and time on a monthly basis) the financial performance of each of Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, or Digital Wallets, including:<br><br>(a) the identity of each App Marketplace on which the App is available; (b) financial statements on an annual and quarterly basis reflecting the financial performance of the App; (c) the costs associated with the development of the App; (d) the costs associated with distribution of the App on each App Marketplace; (e) the revenue of the App on each App Marketplace; (f) the commission rate(s) paid on each App Marketplace; and (g) the revenue and costs associated with direct distribution or other means | **Spec. 9**: For each mobile application identified in response to Specification 8 . . . state: (a) the total revenue received by the Company, separately by revenue type . . . ; (b) the fee or commission schedule associated with distribution through the relevant platform and the amount of fees or commissions paid; (c) the number of downloads; (d) the number of total active users; (e) any other measures of user engagement used by the Company . . . ; (f) the total number of users that switched mobile application platforms . . .<br><br>**Spec. 13**: Submit documents sufficient to show the economic and technical terms under which Google, LLC permits the Company to distribute its Relevant Products or Services, including documents relating to: (a) the products or services used by the Company to accept, authorize, or process payments relating to the Company's Relevant Products or Services; (b) the revenue or commission paid to Google, LLC . . . ; and (c) the Company's access to or lack of access to Android hardware or software for | Per-app financial performance and distribution economics. | DOJ Spec. 9 is limited to the top 10 applications selected separately by number of downloads and number of active users for each year—and seeks total revenue by revenue type and fees or commissions for the relevant platform.<br><br>DOJ Spec. 13 is limited to Google, LLC's distribution terms and the revenue or commission paid to Google, LLC.<br><br>DOJ Specs. 9 and 13 omit, for each listed app, monthly financial data broken out by country, operating system, and App Marketplace; annual and quarterly app-level financial statements; development costs; distribution costs by App Marketplace; revenue by App Marketplace; |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| of distribution outside any App Marketplace. | purposes of providing any Relevant Product or Service. | | commission information beyond the apps covered by DOJ Spec. 9; and the economics of direct or other distribution outside of App Marketplace. |
| **RFP 18**: All Documents and Communications concerning Your decisions, policies, practices, or efforts to enable, disable, design, implement, use, or discontinue Your messaging-related features (including SMS capabilities, RCS capabilities, OTT functionality, interoperability features, background functionality, encryption-related features, and cross-device or cross-operating-system functionality) in Your Messaging Apps, including Your implementation and then discontinuation of SMS capabilities in Your Messaging Apps on Android and Your decision in 2023 to discontinue Apple Watch users' ability to respond to Messenger notifications. | **Spec. 15**: Submit all documents relating to the effect of Apple's restrictions relating to messaging on the Company's plans for Facebook Messenger, WhatsApp, and any other messaging capabilities within any other mobile application developed by the Company. | Messaging feature decisions and Apple's messaging restrictions. | DOJ Spec. 15 does not cover Meta's own decisions, policies, practices, or efforts concerning messaging features generally—including enabling, disabling, designing, implementing, using, or discontinuing those features—except when they relate to Apple's restrictions.<br><br>DOJ Spec. 15 does not cover Meta's 2023 decision to discontinue Apple Watch users' ability to respond to Messenger notifications. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
| --- | --- | --- | --- |
| **RFP 19**: All Documents and Communications concerning Your decisions regarding whether to offer In-App Purchases for services on Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets, including: (a) Your analyses of the privacy and security impacts resulting from such decisions; (b) the financial impacts on You resulting from such decisions; (c) whether You have, had, or plan to have a similar policy for non-Apple App Marketplaces and the reasons for that decision; (d) whether users have the ability to use In-App Purchases on each platform on which the App is available (including iOS, Android OS, and non-mobile platforms) for redemption on another platform; (e) Communications with third parties regarding the financial, privacy, and security impacts resulting from such decisions; and (f) Documents concerning negotiations between You and any App Marketplace about the | **Spec. 7**: Submit all documents relating to the products or services that the Company used, considered using, or sought to use to accept, authorize, or process payments relating to the Company's Relevant Products or Services . . .<br><br>**Spec. 14**: Submit all documents relating to the Company's communications with Apple relating to: (a) the use of In-App Purchase relating to the Company's Relevant Products or Services . . . ; (b) any proposed or consummated marketing efforts undertaken by Apple to advertise or support the Company's Relevant Products or Services; (c) the Company's Relevant Product or Service as the default on iOS; and (d) the Company's negotiation of or participation in any agreement, partnership, or other arrangement, the terms of which would modify (i) Apple's share of revenue derived from the Company's Relevant Products or Services; or (ii) the Company's obligations under Apple's App Store Review Guidelines or Developer Program License Agreement.<br><br>**Spec. 13**: Submit documents sufficient to show the economic and technical terms under which Google, LLC permits the | In-App Purchase decisions and payment processing. | DOJ Specs. 7 and 14 do not call for documents and communications concerning Meta's internal decisions regarding whether to offer In-App Purchases on its listed apps.<br><br>DOJ Specs. 7, 13, and 14 do not call for analyses of privacy and security impacts, financial impacts, cross-platform redemption analysis, or comparisons of IAP policies for non-Apple marketplaces (Apple RFP 19(a)-(c)).<br><br>DOJ Specs. 7, 13, and 14 do not request documents to address Apple RFP 19(d)—whether Meta users have the ability to use in-app purchases on each non-Apple platform on which Meta's apps are available.<br><br>DOJ Specs. 7, 13, and 14 do not call for communications with third parties about financial, |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| payment system offered in each App You distribute. | Company to distribute its Relevant Products or Services, including documents relating to: (a) the products or services used by the Company to accept, authorize, or process payments relating to the Company's Relevant Products or Services; (b) the revenue or commission paid to Google, LLC . . . ; (c) the Company's access to or lack of access to Android hardware or software for purposes of providing any Relevant Product or Service. | | privacy, and security impacts, as well as negotiations with each App Marketplace—other than Apple—over the payment system offered in each App (Apple RFP 19(e)-(f)). |
| **RFP 20**: All Documents and Communications concerning differences or comparisons (including with respect to consumer experience, privacy, security, safety, interoperability, switching behavior, device choice, mobile operating system choice, and multi-homing, and Your efforts to maintain privacy and security) between: (a) Apple's iMessage service and Your Messaging Apps, including both features available on Your Messaging Apps that are not available on iMessage and features of iMessage that Your Messaging Apps are technologically incapable | **Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple.<br><br>**Spec. 11**: Submit all documents relating to multihoming across types of devices used with the Company's Relevant Products and Services.<br><br>**Spec. 15**: Submit all documents relating to the effect of Apple's restrictions relating to messaging on the Company's plans for Facebook Messenger, WhatsApp, and any other messaging capabilities within any other mobile application developed by the Company. | Comparisons between Apple and Meta products; multihoming | DOJ Specs. 5, 11, and 15 do not request documents addressing Apple RFP 20's specific comparisons concerning: (i) Apple's iMessage service and Meta's messaging apps with respect to consumer experience, privacy, security, safety, interoperability, switching behavior, device choice, and mobile operating system choice; (ii) features available on Meta's messaging apps but not on iMessage, and iMessage features that Meta's |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| of developing; (b) Apple's App Store and Your App Marketplaces; and (c) Facebook Mobile's performance on the iPhone and Facebook Mobile's performance on other Smartphones and platforms. | | | messaging apps are technologically incapable of developing; (iii) Apple's App Store and Meta's app marketplaces across the dimensions identified in Apple RFP 20; (iv) Facebook Mobile's performance on the iPhone as compared with other smartphones and platforms; and (v) Meta's efforts to maintain privacy and security between Apple's iMessage service and Meta's messaging apps. |
| **RFP 21**: All Documents and Communications concerning differences or comparisons (including with respect to consumer experience, privacy, security, safety, interoperability, switching behavior, device choice, mobile operating system choice, and multi-homing, and Your efforts to maintain privacy and security) between Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning | **Spec. 11**: Submit all documents relating to multihoming across types of devices used with the Company's Relevant Products and Services.<br><br>**Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple. | Cross-platform comparisons (iOS versus non-Apple) and multihoming. | DOJ Specs. 11 and 5 do not request documents comparing how each listed Meta app or service performs on iOS and on a non-Apple platform across the specified consumer, privacy, security, safety, interoperability, switching, device choice, and operating system choice dimensions. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| Wearables, and Digital Wallets, when used on Apple's iOS versus when used on a non-Apple platform. | | | |
| **RFP 23**: Documents sufficient to show the impact of Apple's or any other App Marketplace's App Review policies or procedures on competition, including analyses of market demand, usage, primacy, multi-homing, switching behavior, or market share, regarding Your Apps in the areas of Super Apps, Cloud Streaming Apps, Messaging Apps, Wearables, and Digital Wallets offered on App Marketplaces. | **Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple.<br><br>**Spec. 17**: Submit all documents relating to any anticompetitive practices by Apple.<br><br>**Spec. 13**: Submit documents sufficient to show the economic and technical terms under which Google, LLC permits the Company to distribute its Relevant Products or Services, including documents relating to: (a) the products or services used by the Company to accept, authorize, or process payments relating to the Company's Relevant Products or Services; (b) the revenue or commission paid to Google, LLC . . . ; and (c) the Company's access to or lack of access to Android hardware or software for purposes of providing any Relevant Product or Service. | Impact of App Review on competition and market share. | DOJ Specs. 5, 17, and 13 do not call for documents addressing the impact of Apple's or another App Marketplace's App Review policies or procedures on the competition metrics listed in RFP 23, including market demand, usage, primacy, multi-homing, switching behavior, or market share, for Meta's apps. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| **RFP 24**: Documents sufficient to show the strategy, consumer research, and consumer response to all advertising campaigns related to Your Messaging Apps or Apple's Messaging Apps specific to messaging functionality (including cross-platform messaging, interoperability, privacy, and encryption), including Your WhatsApp ads featuring a carrier pigeon and featuring the cast of Modern Family. | **Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple.<br><br>**Spec. 15**: Submit all documents relating to the effect of Apple's restrictions relating to messaging on the Company's plans for Facebook Messenger, WhatsApp, and any other messaging capabilities within any other mobile application developed by the Company.<br><br>**Spec. 17**: Submit all documents relating to any anticompetitive practices by Apple. | Messaging app advertising strategy and competitive positioning. | DOJ Specs. 5, 15, and 17 do not call for advertising campaign materials, advertising strategy, consumer research, or consumer responses concerning messaging functionality, including the specified cross-platform messaging, interoperability, privacy, and encryption topics. |
| **RFP 25**: All Documents and Communications, including consumer surveys, concerning the availability on Your Messaging Apps, including WhatsApp, of SMS, MMS, RCS, or OTT capabilities, encrypted messages, send later features, and features permitting Your Messaging Apps to continue operating in the background when closed, including Your interest or lack of interest in any efforts to develop such features for Your Messaging Apps on any App Marketplace, Your security and privacy | **Spec. 15**: Submit all documents relating to the effect of Apple's restrictions relating to messaging on the Company's plans for Facebook Messenger, WhatsApp, and any other messaging capabilities within any other mobile application developed by the Company. | Messaging capabilities (SMS, RCS, OTT) and platform restrictions. | DOJ Spec. 15 does not call for consumer surveys. DOJ Spec. 15 also does not cover documents and communications related to Meta's own interest in developing the features enumerated in Apple RFP 25 on its Messaging App on any App Marketplace; privacy and security concerns; evaluations of user demand and market behavior for "text anyone"; and evaluation of industry |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| concerns about such features, Your evaluation of user demand for and market behavior towards "text anyone" functionality, and Your evaluation of industry developments concerning SMS, MMS, RCS, or OTT. | | | developments concerning SMS, MMS, RCS, or OTT. |
| **RFP 26**: Documents sufficient to show whether and in what circumstances You provide unencrypted messages or content to any third party. | **Spec. 6**: Submit documents sufficient to show whether the Company's access to or use of data associated with the Company's Relevant Products or Services that are distributed in the App Store in order for the Company to: (a) provide customer service, (b) develop any Relevant Product or Service, or (c) improve any Relevant Product or Service; and submit documents sufficient to show the Company's analyses of any other person's access to or use of the Company's data to develop or to improve any other person's Relevant Products or Services. | Third-party access to unencrypted message data. | DOJ Spec. 6 does not address whether, or under what circumstances, Meta provides unencrypted messages or content to any third party. |
| **RFP 27**: All Documents and Communications concerning Your efforts to integrate messages sent and received on Apple's Messaging Apps into Your Messaging Apps, including Facebook Messenger, WhatsApp, and Instagram, including: (a) | **Spec. 15**: Submit all documents relating to the effect of Apple's restrictions relating to messaging on the Company's plans for Facebook Messenger, WhatsApp, and any other messaging capabilities within any other mobile application developed by the Company. | Integration of Apple messaging into Meta apps; access to Apple APIs/protocols. | DOJ Specs. 15 and 12 do not request documents about Meta's integration efforts or the listed encryption, hardware identifier, iMessage/APNS, Developer Program License Agreement, |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| whether and how such messages are encrypted; (b) any use of Mac or iPhone hardware identifiers in such efforts; (c) any use of iMessage servers and protocols, including Apple Push Notification Service, in such efforts; (d) any evaluation of whether such efforts are consistent with the Apple Developer Program License Agreement; (e) any Communications with Your employees or other third parties concerning such efforts; and (f) any evaluation of the impact on the security, functionality, and convenience of messages sent and received on Apple's Messaging Apps. | **Spec. 12**: Submit all documents relating to whether the Company has access to Apple mobile device hardware or software for the purpose of providing any Relevant Product or Service . . . | | communications, or security, functionality, and convenience issues. |
| **RFP 28**: All Documents and Communications concerning the actual, perceived, or potential relative benefits or drawbacks of native Cloud Streaming Apps as compared to web-based Cloud Streaming Apps, or as compared to Apps whose content is not primarily streamed, including in terms of privacy, security, | **Spec. 4**: Submit all documents relating to the Company's efforts to have its Relevant Products or Services distributed through the App Store, including documents relating to: . . . (b) whether to develop or consider developing any Relevant Product or Service for distribution through the App Store . . .<br><br>**Spec. 5**: Submit all documents relating to the Company's competitive or market | Native versus web-based cloud streaming apps. | DOJ Specs. 4 and 5 do not request comparisons between native and web-based Cloud Streaming apps or between native apps and apps whose content is not primarily streamed, across the specified privacy, security, consumer experience, ease of use, innovation, and |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| consumer experience, ease of use, innovation, and market demand. | analyses of any Relevant Product or Service offered by the Company or Apple. | | market demand dimensions. |
| **RFP 30**: Documents sufficient to show the reasons for Your decision to discontinue offering Your Facebook Gaming App, including: (a) any competitive or market share analyses; (b) any analyses of failures or shortcomings in Your Facebook Gaming App; (c) any consumer complaints or analyses of consumer complaints concerning Your Facebook Gaming App; and (d) any analyses of privacy or security issues concerning Your Facebook Gaming App. | **Spec. 3**: Describe all Relevant Products or Services for which the Company was investigated for a violation or a possible violation of any of the App Store guidelines or agreements, or otherwise faced removal, rejection, or delay from being distributed in the App Store . . .<br><br>**Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple. | Discontinuation of Facebook Gaming App. | DOJ Specs. 3 and 5 do not request the reasons for discontinuing Facebook Gaming, analyses of failures or shortcomings, consumer complaints or complaint analyses, or privacy and security analyses concerning Facebook Gaming. |
| **RFP 31**: All Documents and Communications reflecting consumer data, survey results, or complaints relating to user privacy, user and system security, exposure of users to objectionable content including content targeting minors, or potential fraud on any App offered by the Facebook App Center, Meta Horizon Store, and/or Your other Super Apps and App Marketplaces, other than | **Spec. 6**: Submit documents sufficient to show whether the Company's access to or use of data associated with the Company's Relevant Products or Services that are distributed in the App Store in order for the Company to: (a) provide customer service, (b) develop any Relevant Product or Service, or (c) improve any Relevant Product or Service; and submit documents sufficient to show the Company's analyses of any other person's access to or use of the Company's data to develop or | Consumer data and privacy/security complaints on Meta's platforms. | DOJ Spec. 6 does not request consumer surveys, complaints, and consumer data concerning privacy, security, objectionable content, or fraud on Meta's platforms other than those on the App Store, as well as documents reflecting the value users place on |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| those offered via the Apple App Store, including any consumer survey results or data indicating the value of user privacy, safety, and user and system security to users. | to improve any other person's Relevant Products or Services. | | privacy, safety, and security. |
| **RFP 32**: All Documents and Communications concerning (a) internal and external assessments or analyses of user privacy and user and system security risks relating to Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets; and (b) any discussion or efforts by You regarding the application of a Smartphone manufacturer's or operating system provider's security and privacy principles including, but not limited to:<br><br>a. The finding from Your consumer research groups that "The idea that Facebook cares about people's privacy is not believable anywhere," as reported by former Director of Global Public Policy Sarah Wynn- | **Spec. 6**: Submit documents sufficient to show whether the Company's access to or use of data associated with the Company's Relevant Products or Services that are distributed in the App Store in order for the Company to: (a) provide customer service, (b) develop any Relevant Product or Service, or (c) improve any Relevant Product or Service; and submit documents sufficient to show the Company's analyses of any other person's access to or use of the Company's data to develop or to improve any other person's Relevant Products or Services. | Privacy and security risk assessments for Meta's apps. | DOJ Spec. 6 does not request internal or external assessments of user privacy or system security risks, or documents about applying a smartphone manufacturer's or operating system provider's security and privacy principles, including the seven examples in Apple RFP 32(a)-(g). |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| Williams in CARELESS PEOPLE (2025);<br><br>b. The conduct described in https://www.washingtonpost.com/technology/2025/06/06/ meta-privacy-facebook-instagram/, https://arstechnica.com/security/2025/06/meta- and-yandex-are-de-anonymizing-android-users-web-browsing-identifiers/; and https://localmess.github.io/, including but not limited to "apps from Meta and Yandex, a technology company that originated in Russia, circumvent[ing] privacy protections in Android devices in ways that allowed their apps to secretly track people as they browsed the web";<br><br>c. Your response to Apple's App Tracking Transparency framework;<br><br>d. Your expectation that, when You began operating in China, the Chinese government would be able to access the data of users located outside of China, as | | | |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| reported in the book referenced in RFP 32(a);<br><br>e. Your practice of combining user data without user consent (so-called "superprofiling"), including such conduct deemed an "exploitative abuse" by the German Bundeskartellamt (Federal Cartel Office) in Facebook, Data Processing and the Abuse of a Dominant Position, BUNDESKARTELLAMT (Feb. 7, 2019), https:// www.bundeskartellamt.de/Shared Docs/Meldung/EN/Pressemitteilun gen/2019/07_0 2_2019_Facebook.html;<br><br>f. Breaches of the data security of Your Super Apps, Cloud Streaming Apps, Messaging Apps, Apps concerning Wearables, and Digital Wallets resulting in the exposure of user data, including breaches based on technical errors or vulnerabilities of which You were aware, e.g., as alleged in Adkins v. Facebook. Amended Compl., Adkins v. Facebook Inc., No. 3:18-cv-05892 (N. D. Cal. | | | |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| Aug. 16, 2019) ¶ 15 ("Facebook knew for years about the security vulnerability that led to [a 2018 data breach] and consciously disregarded the risk it posed to the safety of users' PII."); and<br><br>g. Your sale of user data to third parties without user consent, e.g., as alleged in In Re: Facebook, Inc. Consumer Privacy User Profile Litigation. Second Amended Compl., In Re: Facebook, Inc. Consumer Privacy User Profile Litigation., No. 3:18-md- 02843 (N.D. Cal. Aug. 4, 2020) ¶ 6 ("Facebook is not just a social media company, but also a data broker and surveillance firm. Facebook encourages users to share their content so that Facebook can harvest it, aggregate it, and sell access to it."). | | | |
| **RFP 34**: Documents sufficient to show whether You have offered, or have evaluated offering an App Marketplace on iPhones, as well as all Documents related to Your efforts or plans to develop such an offering, including any Documents | **Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple.<br><br>**Spec. 12**: Submit all documents relating to whether the Company has access to Apple mobile device hardware or software for | Meta's plans, if any, to offer an App Marketplace on iOS. | DOJ Specs. 5 and 12 do not request documents concerning Meta's plans to offer an App Marketplace on iPhones, including development costs, projected usage, or privacy, |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| relating to development costs, projected usage, and concerns relating to privacy, security, or fraud. | the purpose of providing any Relevant Product or Service . . . | | security, and fraud concerns. |
| **RFP 36**: For Your Super Apps and App Marketplaces, such as the Facebook App Center or the Meta Horizon Store, Documents sufficient to show: (a) Your past or present decisions, current or previously operative guidelines, standards, other requirements, or practices that You apply to any Apps submitted for inclusion on Your App Marketplaces, including Your policies and procedures for pricing and payments for such Apps; and (b) whether You block Apps from any of Your App Marketplaces based on (i) how a developer delivers content and services (e.g., whether content is installed on a device or streamed from the cloud), (ii) a developer's choice of In-App Purchase system, (iii) a developer's advertising, (iv) a developer's data collection, and/or (v) content. | **Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple.<br><br>**Spec. 17**: Submit all documents relating to any anticompetitive practices by Apple. | App Marketplace policies and practices. | DOJ Specs. 5 and 17 do not request Meta's App Marketplace policies, guidelines, pricing and payment practices, or developer blocking criteria, including the categories listed in Apple RFP 36(b)(i)-(v), including content delivery, IAP systems, advertising, data collection, or content. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
| --- | --- | --- | --- |
| **RFP 37**: For Your Super Apps and App Marketplaces, such as Facebook App Center or the Meta Horizon Store, Documents sufficient to show: (a) any features that differ from the Apple App Store; (b) whether any of Your App Marketplaces offer features, tools, or services to users and/or developers that the Apple App Store does not offer; (c) any features, tools, or services available to Meta first-party Apps that are not available to third-party developers; and (d) any comparison between Your approach to Mini-Programs and App Review on the one hand and, on the other, Apple's or any other App Marketplace's approach to App Review. | **Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple. | Comparison of App Marketplace features. | DOJ Spec. 5 does not request the four categories of information in Apple RFP 37(a)-(d), including: (a) any Meta app marketplace features that differ from the App Store; (b) whether any of Meta's marketplaces offer features, tools, or services to users and/or developers that the App Store does not offer; (c) any features, tools, or services available to Meta first-party apps that are not available to third-party developers; and (d) any comparisons between Meta's and Apple's app review approaches. |
| **RFP 39**: Documents sufficient to identify for each Mini-Program available on Facebook Mobile and Your other Super Apps: (a) the monthly active users; (b) the developer; (c) the privacy and security features; (d) any consumer complaints concerning each Mini-Program; (e) the launch | **Spec. 8**: Separately for each year, identify the top 10 mobile applications offered by the Company, separately based on the number of downloads and number of active users, and separately for each mobile application: (a) identify each platform through which the mobile application is distributed . . . ; (b) state the applicable prices, including for download, | Mini-Program metrics and availability. | DOJ Spec. 8 is limited to the top 10 mobile applications for each year; it does not request information on monthly active users, developer identity, privacy and security features, consumer complaints, or launch and |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| date; and (f) the discontinuation date. | subscriptions, or additional digital features or content; and (c) describe whether, and the extent to which, users across different platforms can interact with each other . . . | | discontinuation dates for each Mini-Program. |
| **RFP 40**: All Documents and Communications concerning the actual, perceived, or potential relative benefits or drawbacks of Mini-Programs compared to fully native Apps, including in terms of privacy, security, consumer experience, ease of use, and market demand. | **Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple. | Competitive analysis of Mini-Programs versus native apps. | DOJ Spec. 5 does not request analyses comparing Mini-Programs with native apps across the specified privacy, security, consumer experience, ease of use, and market demand dimensions. |
| **RFP 42**: All Documents and Communications, including consumer surveys, concerning the effects of Super App and Mini-Program displays, (including analogous in-app features such as HTML5 games, chat bots, gaming discovery features, and other app-like functionalities offered within Your apps), including the effects that an absence of icons, an absence of categories, and flat/text-only displays may have on Super App or Mini-Program success or competitive strength and customer reasons for | **Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple. | Super App/Mini-Program display and competitive impact. | DOJ Spec. 5 does not request consumer surveys or other documents concerning the effects of Super App, Mini Program, and analogous in-app features, including those specified in Apple RFP 42.<br><br>DOJ Spec. 5 does not request information regarding the effects that an absence of icons and categories and flat/text-only displays have on Super App or Mini- |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| purchasing or not purchasing Smartphones. | | | Program success or competitive strength and customer reasons for purchasing or not purchasing Smartphones. |
| **RFP 43**: Documents sufficient to show Your, Apple's, or any other Smartphone manufacturer's, App Marketplace's, or operating system provider's past or present policies or practices as related to the Alleged Conduct, including concerning: (a) Cloud Streaming Apps; (b) Messaging Apps and services; (c) Wearables including any Smartphone's ability to connect and interact with Wearables; and (d) the display or categorization of Mini-Programs. | **Spec. 12**: Submit all documents relating to whether the Company has access to Apple mobile device hardware or software for the purpose of providing any Relevant Product or Service . . .<br><br>**Spec. 17**: Submit all documents relating to any anticompetitive practices by Apple. | Platform policies governing app/device access and distribution. | DOJ Specs. 12 and 17 do not request documents concerning the past or present policies or practices of Meta, Apple, any other smartphone manufacturer, app marketplace, or operating system provider relating to Cloud Streaming Apps, Messaging Apps and services, Wearables and smartphone connectivity with Wearables, or the display or categorization of Mini-Programs. |
| **RFP 44**: All Documents and Communications relating to Your efforts or plans to offer Your own Wearable product or digital payment service for iOS or Android, including any Documents related to a project called "Milan" and to the current | **Spec. 12**: Submit all documents relating to whether the Company has access to Apple mobile device hardware or software for the purpose of providing any Relevant Product or Service . . .<br><br>**Spec. 7**: Submit all documents relating to the products or services that the Company | Wearables and digital payments. | DOJ Specs. 12 and 7 do not request documents concerning product planning, including the Milan and Meta Quest materials, development costs, customer usage, privacy and security |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| or previous versions of Your Meta Quest headset, and including any Documents or data relating to: (a) the costs of developing the product or solution; (b) the extent to which customers used or would use the product or solution; (c) any actual or potential concern relating to the privacy and/or security of the product or solution; (d) the actual or potential discontinuation of the product or solution; and (e) Your efforts to create compatibility between the product or solution and iPhones and other Smartphones, including the standard or other method used for notifications. | used, considered using, or sought to use to accept, authorize, or process payments relating to the Company's Relevant Products or Services . . . | | concerns, discontinuation decisions, or efforts to create smartphone compatibility and notification standards. |
| **RFP 46**: Documents sufficient to show any efforts by You to change, influence, circumvent, lobby for legislation related to, or draw government or public attention to the competitive effects of any Smartphone manufacturer's or operating system provider's contractual or policy terms related to App features or distribution, any fees or other monetary penalties or incentives, or any policies or | **Spec. 17**: Submit all documents relating to any anticompetitive practices by Apple.<br><br>**Spec. 16**: Submit all documents submitted since January 1, 2018, to any domestic or foreign government agency relating to any investigation into alleged anticompetitive practices by Apple or produced in any lawsuit relating to any alleged anticompetitive practices by Apple. | Lobbying and advocacy against Apple's anticompetitive practices. | DOJ Spec. 16 requests documents since January 1, 2018, whereas Apple RFP 46 requests documents beginning on January 1, 2014, and that postdate the CID.<br><br>DOJ Specs. 17 and 16 do not request information related to lobbying, legislative initiatives, |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| technical limitations concerning App features or APIs. | | | public advocacy, or efforts to draw public attention—particularly regarding entities other than Apple—or the specific fees, incentives, technical limitations, and APIs identified in Apple RFP 46. |
| **RFP 48**: Documents sufficient to show the basis, if any, for Mark Zuckerberg's public statements or testimony concerning Apple and its products, services, policies, or practices, including statements made on "The Joe Rogan Experience #2255" podcast episode released January 10, 2025, and in the *FTC v. Meta* trial, No. 20-cv-3590 (D.D.C.), including Mr. Zuckerberg's claims that: (a) at least one of Apple's protocols that Mr. Zuckerberg claims can be used by AirPods but not Meta Ray-Ban glasses is "insecure because [Apple] didn't build any security into it"; (b) there are "all these small companies that, like, probably can't even exist because of the taxes that [Apple] put in place"; (c) "Messenger, for a lot of | **Spec. 17**: Submit all documents relating to any anticompetitive practices by Apple.<br><br>**Spec. 5**: Submit all documents relating to the Company's competitive or market analyses of any Relevant Product or Service offered by the Company or Apple. | Basis for Zuckerberg's public criticisms of Apple. | DOJ Specs. 5 and 17 do not request documents depicting the basis for Zuckerberg's identified public statements or testimony as specified in Apple RFP 48, including supporting documents or data. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| people in the United States, is their primary messaging app as well, especially because iMessage is constrained to Apple phones, iPhones only"; (d) Meta has "a broader competition with Apple and Google" and is "always sort of worried about them messing with us in different ways" because Meta delivers its apps "through our competitors"; and (e) Apple and Google are "two of our biggest competitors," control "the app stores on phones," and "sometimes put in place some pretty arbitrary rules around what you can do" that have been "very detrimental to our business and our community over time." | | | |
| **RFP 53**: All Documents and Communications concerning the following statements by the Coalition for a Competitive Mobile Experience, including underlying analyses or data, drafts, or bases for such statements:<br><br>a. "[S]martphone platform owners . . . are locking users into proprietary systems, limiting | **Spec. 17**: Submit all documents relating to any anticompetitive practices by Apple.<br><br>**Spec. 16**: Submit all documents submitted since January 1, 2018, to any domestic or foreign government agency relating to any investigation into alleged anticompetitive practices by Apple or produced in any lawsuit relating to any alleged anticompetitive practices by Apple. | Advocacy against Apple. | DOJ Spec. 16 requests documents since January 1, 2018, whereas Apple RFP 53 seeks documents beginning on January 1, 2014, and that postdate the CID.<br><br>DOJ Specs. 17 and 16 do not request documents and communications |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| choice, and increasing costs for all consumers," see Post, X.COM (APR. 30, 2025), https://x.com/competitiveexp/status/1917602344507994153;<br><br>b. "Smartphone gatekeepers should not be permitted to discriminate against competing software, apps, or hardware (e.g. earbuds, watches, health wearables) by degrading or throttling the consumer experience. Devices and technology from different manufacturers – and the apps that ride on them –should be able to work seamlessly";<br><br>c. "App store providers should promote competition and choice in the app economy through equal treatment of competing app stores on their operating systems, by providing flexibility in pricing and payment options, avoiding unreasonable interference that limits consumer choice, and not preferencing their own offerings over others"; | | | concerning the Coalition for a Competitive Mobile Experience's public statements (CCME is not a government agency), as enumerated in Apple RFP 53(a)-(f), or the underlying analyses or data, drafts, and bases for those statements, with the limited exception of documents that were submitted to a government agency or produced in a lawsuit. |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| d. "Age-based content restrictions are most effective at the app store level because it is where apps are purchased, and the app store already has the age data," including any alleged obstacles to developers conducting age verification;<br><br>e. "While the smartphone ecosystem has provided consumers with great benefits, it has led to a duopoly where dominant platforms control the market and limit consumer choice to their own benefit," including any benefits from any "smartphone ecosystem" and the existence of an alleged "duopoly"; and<br><br>f. "Leveling the playing field, increasing interoperability, and adding age-based content restrictions in the app store will give consumers the power they deserve, providing more freedom and access, all while lowering costs." See Coalition Launches to Take on Anti-Competitive Smartphone Platform Duopoly, COALITION FOR A | | | |

| RFP Text (Exhibit I; Exhibit O) | CID Specification Text (Exhibit A) | Topical Overlap | Apple's Response |
|---|---|---|---|
| COMPETITIVE MOBILE EXPERIENCE (accessed June 16, 2025), https://www.competitiveexp.com/coalition-launches-to-take-on-anti-competitive-smartphone-platform-duopoly/. | | | |