United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IN RE APPLE INC.'S APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH NON-PARTY SUBPOENA SERVED ON META PLATFORMS, INC.**

Case No. 26-mc-80274-JCS

**ORDER GRANTING MOTION TO TRANSFER AND TRANSFERRING CASE TO THE DISTRICT OF NEW JERSEY**

Re: Dkt. No. 1

## I. INTRODUCTION

In this case, Apple, Inc. ("Apple") brings a motion to compel Meta Platforms, Inc. ("Meta") to comply with a subpoena dated June 16, 2025 served by Apple pursuant to Federal Rules of Civil Procedure 26 and 45 in an antitrust case pending in New Jersey, *United States et al. v. Apple Inc.*, No. 2:24-cv-04055 (D.N.J.) ("the underlying action" or "the Antitrust Action"). Apple also brings a motion to transfer, asking the Court to transfer this case to the District of New Jersey ("the New Jersey court") pursuant to Rule 45(f) of the Federal Rules of Civil Procedure. The parties have briefed the motion to transfer as well as the motion to compel. The Court concludes that transfer is warranted and therefore does not address the motion to compel.

## II. ANALYSIS

### A. Legal Standards

Apple filed the present miscellaneous action in this District because the subpoena commands compliance in San Francisco, California. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."). The 2013 Advisory Committee Note explains that Rule 45 ordinarily protects local nonparties by providing

for local resolution of subpoena disputes. Nonetheless, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

"[A]mong the factors courts consider in assessing whether exceptional circumstances exist are (1) the complexity, procedural posture, and duration of the underlying litigation; (2) the nature of the issues pending before, or already resolved by, the issuing court; (3) the need to avoid unnecessary duplication; and (4) whether the issuing court is in a better position to decide the motion based on its familiarity with the issues involved." *In re Google LLC*, No. 24-MC-80009-VKD, 2024 WL 217842, at *1 (N.D. Cal. Jan. 19, 2024). Even in the absence of exceptional circumstances, Rule 45 authorizes transfer to the court where the underlying action is pending where the person subject to the subpoena consents to the transfer. *See Mirza v. Yelp, Inc.*, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where . . . the nonparties subject to the subpoena consent to the transfer.").

**B. Discussion**

While Meta does not consent to transfer of this case, the Court finds that transfer is warranted based on exceptional circumstances. The New Jersey court has found that the Antitrust Action and the related multidistrict litigation that is also pending in the New Jersey court are complex enough to warrant the appointment of *three* special masters to handle discovery disputes, explaining:

> 3. The above-referenced matters include an antitrust enforcement action by the United States Department of Justice and approximately 30 related private actions that have been centralized in the District of New Jersey as *In re Apple Inc. Smartphone Antitrust Litigation*, MDL No. 3113. The MDL consists of three plaintiff groups: Direct iPhone Purchasers, Indirect iPhone Purchasers, and Apple Watch Purchasers.
>
> 4. The Court has closely managed the progression of these cases since their inception. Both parties and non-parties have raised numerous discovery disputes, and the Honorable Leda Dunn Wettre, U.S.M.J., has devoted a substantial amount of time to resolving these disputes. (See, e.g., Civil Action No. 24-4055, ECF Nos. 117, 123, 154, 156, 157, 254, 259, 303, 320, 321, 351, 353, 365, 378, 384, 387.) However, disputes continue to be filed in the Government enforcement action

> (ECF Nos. 399, 413, 422), and the Court anticipates a similar volume of disputes to arise in the MDL. (See e.g., MDL No. 3113, ECF Nos. 131, 169, 178, 179.) Given the complexity of these actions, the number of parties involved, and the volume and nature of discovery being sought and produced, the Court foresees that these cases will continue to demand a level of case management that is not sustainable given the docket congestion in this District and the press of other matters on the Court's docket.
>
> 5. Accordingly, the Court deems it appropriate to appoint special masters to assist with the prompt mediation and/or resolution of the increasing number of discovery and other anticipated disputes in these matters pursuant to Rule 53. . . .

Antitrust Action, dkt. no. 431. While Meta states that "[i]t is not appropriate for this Court to transfer this dispute to a court likely to further divert the matter to Special Masters Meta does not consent to litigate in front of[,]" Opposition at 25, it points to no authority that supports the conclusion that its consent is required under these circumstances. Based on the authority cited above, the Court finds that where there are exceptional circumstances, consent to transfer is *not* required, regardless of whether or not the court in the underlying action has appointed special masters.

Further, while Meta contends transfer will not further the goal of judicial efficiency because the identical issues have not been decided by the New Jersey court, Apple has pointed to evidence that at least some similar arguments are being made in discovery disputes that are before that court. *See* Antitrust Action, dkt. no. 496 (reflecting that First Amendment objection raised by Meta here is also being asserted by another non-party, Match Group, Inc. in the New Jersey case). Therefore, the Court concludes that transfer of this action to the District of New Jersey will help to ensure consistent rulings as to the scope of custodial discovery and document production required of interested non-parties such as Meta.

Finally, while Meta points out that "'[t]he prime concern' in deciding Rule 45(f) transfer motions 'should be avoiding burdens on local nonparties subject to subpoenas[,]'" Opposition at 25 (quoting *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015) (internal citation omitted)), it has made no showing that litigating this discovery dispute before the New Jersey court imposes any meaningful burden upon it.

United States District Court
Northern District of California

## III. CONCLUSION

For the reasons stated above, the Court ORDERS THAT THIS CASE SHALL BE TRANSFERRED to the District of New Jersey pursuant to Rule 45(f).

**IT IS SO ORDERED.**

Dated: September 23, 2026

JOSEPH C. SPERO
United States Magistrate Judge